# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE: MORTGAGE FORECLOSURE CASES | C.A. No. 11-mc-88-M-LDA |

### AMICUS BRIEF BY U.S. BANK, N.A., ALLIED HOME MORTGAGE CAPITAL CORPORATION, AURORA LOAN SERVICES, LLC, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION AND ARGENT MORTGAGE COMPANY LLC IN SUPPORT OF THE REPORTS AND RECOMMENDATIONS BY MAGISTRATE JUDGE MARTIN

The herein named parties submit this Amicus Brief pursuant to Paragraph 9 of this Court's Order dated August 16, 2011 (the "Order"). Each amici party – U.S. Bank, N.A., Allied Home Mortgage Capital Corporation, Aurora Loan Services, LLC, JPMorgan Chase Bank, National Association and Argent Mortgage Company LLC – has at least one pending case subject to the Court's Order and has an interest in the Court's ultimate decision on Magistrate Judge David L. Martin's Reports and Recommendations in <u>Fryzel</u> and <u>Cosajay</u> (the "Reports and Recommendations"). For the reasons stated herein, the Court should adopt the Reports and Recommendations.

**I.   ISSUE**

The issue before the Court is whether to adopt the Reports and Recommendations holding that, in Rhode Island, a mortgagor does not have requisite standing to challenge an assignment of mortgage between an assignor and an assignee to which the mortgagor is neither a party nor an intended third-party beneficiary.

## II. THE REPORTS AND RECOMMENDATIONS CORRECTLY ANALYZED RHODE ISLAND LAW AND THEY SHOULD BE ADOPTED BY THIS COURT

The Reports and Recommendations have concluded that, under Rhode Island law, "only parties to a contract may seek to have rights declared under a contract." Cosajay v. Mortgage Electronic Registration Systems, Inc., et al., C.A. No. 10-442-M at 22 (citing Brough v. Foley, 525 A.2d 919, 921 (R.I. 1987)); see also, Fryzel v. Mortgage Electronic Registration Systems, Inc., C.A. No. 10-352-M (D.R.I. June 10, 2011). It is undisputed that the mortgagors in the *Mortgage Foreclosure Cases* are not parties to any assignment or underlying agreement between mortgage assignors and assignees. Accordingly, the motions to dismiss must be granted because the mortgagors do not have standing to challenge the validity of assignments or agreements to which they are not parties or intended third-party beneficiaries.

Both the Reports and Recommendations and the memoranda submitted on behalf of the several defendants sufficiently address the standing issue. However, since the Court's Order, Rhode Island law has been further clarified by the Superior Court's decision in Payette v. Mortgage Electronic Registration Systems, Inc., et al, 2011 R.I. Super. LEXIS 117, C.A. No. PC2009-5875 (R.I. Super. Ct. Aug. 22, 2011). A brief summary of the Payette decision is instructive, especially in light of the Cosajay Plaintiff's Opposition.

"A federal court sitting in diversity . . . must apply state substantive law." Barton v. Clancy, 632 F.3d 9, 17 (1st Cir. 2011). Also, because "property interests, of course, . . . are defined by existing rules or understandings that stem from an independent source such as state law[,]" Bd. of Regents v. Roth, 408 U.S. 564, 577 (U.S. 1972), this Court must look to Rhode Island property law. This Court may "look to the pronouncements of a state's highest court to discern the contours of that state's law." Gonzalez Figueroa v. J.C. Penney P.R., Inc., 568 F.3d

2

313, 318 (1st Cir. 2009).  If the Rhode Island Supreme Court has not yet decided that matter of law, the federal court must predict "how that court likely would decide the issue." Id. at 318.  In so doing, this Court should look to "the relevant statutory language, analogous decisions of the state supreme court [and] decisions of the lower state courts[.]" Fryzel, supra, at 27, n. 26 (citing Gonzalez Figueroa, 568 F.3d at 318-19).

Although the Rhode Island Supreme Court has not spoken directly to the issue of whether a mortgagor has standing to challenge a mortgagee's assignment of mortgage, as the Reports and Recommendations and the defendants in Fryzel and Cosajay have aptly noted, the Rhode Island Supreme Court has made analogous pronouncements that strangers to a contract do not have standing to challenge that contract.  See Brough v. Foley, 525 A.2d 919, 922 (R.I. 1987)(the plaintiffs lacked standing because they were strangers to the underlying contract).[1]  When looking beyond the analogous decisions to determine how the Rhode Island Supreme Court would decide the issue, this Court need look no further than the recent decisions of the Rhode Island Superior Court in Bucci,[2] Porter,[3] and Payette – all of which define the current state of Rhode Island law.

Bucci and Porter defined a mortgagee's, specifically Mortgage Electronic Registration Systems, Inc.'s ("MERS"), contractual and statutory authority to foreclose.  Two weeks ago, Justice Rubine of the Superior Court, addressed the same issue in Payette.  In his ruling, Justice Rubine followed the court's prior holdings in Bucci and Porter regarding MERS's

---

[1] For a list of cases with analogous holdings, see Cosajay, supra, at 23.
[2] Bucci v. Lehman Bros. Bank, et al., 2009 R.I. Super. LEXIS 110, C.A. No. PC09-3888 (R.I. Super. Ct. August 25, 2009)
[3] Osaretin Porter v. First NLC Financial Services, LLC, et al., C.A. No. PC10-2526 (R.I. Super. Ct. March 31, 2011)

3

authority to foreclose in Rhode Island and applied that reasoning to reject the Payette plaintiffs' argument that MERS did not have authority to assign the mortgage.  Payette, supra, at *15-17.  In addition to following Bucci and Porter, the court found that the mortgage expressly granted MERS "the direct permission to assign" and "the right to exercise any and all of [the lender's] interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing this Security Instrument."  Id. at *17 (quoting the mortgage therein).  Accordingly, under Rhode Island law, MERS, as mortgagee, has an express grant to assign the mortgage.  Id. at *18.

Judge Rubine's recent pronouncements in Payette undermine the arguments made in the Cosajay Plaintiff's Opposition to the Report and Recommendation.  There, the plaintiff relies heavily on a colloquy at a hearing on a motion to dismiss before Judge Rubine in Bordas v. Mortgage Electronic Registration Systems, Inc., et al, C.A. No. PC2009-5596.  The Cosajay Plaintiff posits that at this hearing Justice Rubine rejected defendants' argument that the borrower did not have standing to challenge an assignment of mortgage to which the borrower was neither a party nor a third-party beneficiary as a Michigan court determined in Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C., 717 F. Supp. 2d 724 (E.D. Mich. 2010).[4]  See C.A. 10-cv-00442-M-LDA Opposition Doc # 22-1 at 7.  However, Justice Rubine's *written* decision in Payette, supra, cites directly to Livonia in support of his determination that a mortgagor "lacks standing to challenge the propriety of mortgage assignments and the effect those assignments, if any, could have on the underlying obligation."

---

[4] Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C., 717 F. Supp. 2d 724 (E.D. Mich. 2010), reconsideration denied (June 14, 2010), aff'd sub nom., Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC, 399 F. App'x. 97 (6th Cir. 2010) cert. denied, 131 S. Ct. 1696, 179 L. Ed. 2d 645 (U.S. 2011).

Payette, supra, at *22 (citing Fryzel, supra; Cosajay, supra; Livonia Props. Holdings, LLC, 717 F. Supp. 2d at 747). Justice Rubine's decision supports the adoption of the Reports and Recommendations; he even cites directly to the Reports and Recommendations stating that "Courts have widely held that homeowners lack standing to challenge the propriety of mortgage assignments and the effect those assignments, if any, could have on the underlying obligation." Id. at 13 (citing Fryzel, supra (citing Livonia Props. Holdings, L.L.C., 717 F. Supp. 2d at 747)).

Accordingly, this Court has all the support it requires – from the analysis in the Cosajay and Fryzel defendants' memoranda to the Reports and Recommendations to Payette, Bucci and Porter – that the Reports and Recommendations accurately depict Rhode Island law. Therefore, this Court should accept and adopt the Reports and Recommendations' holding that a mortgagor does not have standing to challenge assignments of mortgage to which he/she is not a party.

### III. RHODE ISLAND TITLE THEORY BUTTRESSES THE HOLDING OF THE REPORTS AND RECOMMENDATIONS

"There is no doubt that Rhode Island courts have adopted the so-called title theory of mortgages to resolve various questions of real-property law." Block Island Trust v. Washington Trust Co., 713 A.2d 199, 201 (R.I. 1998). As a title theory state, "a mortgagee not only obtains a lien upon the real estate by virtue of the grant of the mortgage deed but also obtains legal title to the property subject to defeasance upon payment of the debt." 140 Reservoir Ave v. Sepe Investments, 941 A.2d 805, 811 (R.I. 2007) (quoting In re D'Ellena, 640 A.2d 530, 533 (R.I. 1994)); see also, Faneuil Investors Group, Ltd. P'ship v. Bd. of Selectmen, 458 Mass. 1, 6 (Mass. 2010) (as a title theory state, "legal 'title' to the mortgaged real estate remains in the mortgagee until the mortgage is satisfied or foreclosed").

In Rhode Island, "a first mortgage is a conveyance to the mortgagee of the legal fee in the land, defeasible upon condition that the mortgagor will perform the condition of the mortgage." Id. (quoting Block Island Trust, 713 A.2d at 201 (quoting Houle v. Guibeault, 70 R.I. 421, 423, 40 A.2d 438, 440 (1944))). "Thus, in title-theory states a mortgagee holds title to the land from the outset of the loan until the debt has been satisfied, while in lien-theory states, the borrower holds title to the land and the mortgagee has a lien on the property." 59 C.J.S. Mortgages § 239.

This principle is expressly recognized in the mortgages at issue. For example, in Cosajay, the mortgagor made express grants to MERS, the mortgagee, in stating: "Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS" the property as defined therein. See Cosajay Mortgage at Doc. #1-1 at 19. The mortgage further provides that the borrower recognizes that the grant of the mortgage gives MERS, as mortgagee, legal title in the property. Id. at 20. Accordingly, in addition to all the powers expressly granted by the mortgagors to the mortgagees, including the right to assign and foreclose, see Payette, supra, the mortgagor expressly grants legal title to the mortgagee. See Bucci, supra, at *8 ("MERS serves as mortgagee of record holding legal title to mortgages in a nominee capacity").

Legal title only reverts back to the mortgagor when the underlying debt is repaid. 140 Reservoir Ave v. Sepe Investments, 941 A.2d at 811. In the *Mortgage Foreclosure Cases*, no plaintiff mortgagor has claimed to have repaid the underlying debt. As a result, legal title has not reverted back to the mortgagor because of the mortgagor's failure to redeem the property. As the Reports and Recommendations point out in slightly different terms, "[t]otally absent from Plaintiffs' filings is any acknowledgment of the apparently undisputed fact that they have been in

6

default since April 2009 . . . . Given these circumstances, Plaintiffs' castigation of Defendants' position as 'abhorrent' strikes the Court as a case of the pot calling the kettle black." Fryzel, supra, at 36.

Moreover, it is well-established that "[a]ny form of conveyance in writing, duly signed and delivered by the grantor . . . shall be operative to convey to the grantee all the possession, estate, title and interest . . . of the grantor, absolutely in and to the land conveyed . . .; and if also duly acknowledged and recorded, shall be operative as against third parties." R.I. Gen. Laws § 34-11-4. Thus, a conveyance that is not recorded, although not operative against third parties, still is effective as between the grantor and grantee. See id.; see also, R.I. Gen. Laws § 34-11-1 ("the conveyance, if delivered, as between the parties and their heirs, and as against those taking by gift or devise, or those having notice thereof, shall be valid and binding though not acknowledged or recorded"). Therefore, as a grantee of legal title, a mortgagee may, in writing and as a matter of statutory right, convey that title which it owns.

Even though the mortgages themselves and the statutory provisions noted above are sufficient for a mortgagee to convey its legal title without third party intervention, the legislature specifically codified a mortgagee's right to transfer its legal title. "An assignment of mortgage . . . shall . . . have the force and effect of granting, bargaining, transferring and making over to the assignee . . . the mortgage deed with the note and debt thereby secured, and all the right, **title** and interest of the mortgagee[.]" R.I. Gen. Laws § 34-11-24 (emphasis added). This statute confirms the ability for a mortgagee to convey its title interest. See 1 Patton and Palomar on Land Titles § 218 (3d ed.)("A grantor cannot convey more land or a greater interest in land than that which is owned by the grantor. A deed, mortgage, or will that purports to convey more

than the grantor owns is valid as a conveyance to the extent of the grantor's ownership, but gives the grantee no greater interest than that of the grantor.")

It follows, therefore, that in addition to the reasoned analysis in the Reports and Recommendations, a mortgagor does not have standing to challenge an assignment of mortgage because a Rhode Island mortgagor has conveyed his or her interest in the property to the mortgagee and the mortgagee is, therefore, vested with a freely alienable interest in the property. Further eroding their position, these mortgagors are in default and have failed to redeem under the mortgage in order to re-establish legal title in the property. Accordingly, not only does a mortgagor not have a contractual right to intervene between assignees of a freely granted mortgage, but the mortgagors also do not have the requisite standing to intervene between a grantor and a grantee of legal title.

        U.S. BANK, N.A., ALLIED HOME MORTGAGE CAPITAL CORPORATION, AURORA LOAN SERVICES, LLC, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AND ARGENT MORTGAGE COMPANY LLC

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ David J. Pellegrino
David J. Pellegrino (#7326)
2364 Post Road, Suite 100
Warwick, RI 02886
(401) 681-1900
(401) 681-1910 FAX
djp@psh.com

DATED: September 9, 2011

**CERTIFICATE OF SERVICE**

       I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 9, 2011.

       /s/ David J. Pellegrino

1444998_1/6612-11