# MEMORANDUM

| | |
|---|---|
| TO: | COUNSELORS TO PLAINTIFFS AND DEFENDANTS; PRO SE PLAINTIFFS |
| FROM: | MERRILL W. SHERMAN, SPECIAL MASTER |
| DATE: | FEBRUARY 13, 2012 |
| RE: | IN RE: MORTGAGE FORECLOSURE CASES – MISC. NO. 11-MC-88-M-LDA |

I devoted a portion of last week to devising a process for proceeding in an expeditious manner on these cases. I still am ironing out a number of the details. My plan is to distribute a memo by this coming Friday, February 17, containing a draft of how I plan to proceed. The process will be in draft form to allow me to review any suggestions and comments you may have before I finalize the process.

There are a number of things that I am putting in place immediately.

First, there is certain basic information I need from the plaintiffs' respective counsel about each of their clients. With respect to each case, the information as set forth on Appendix A to this memo is to be completed and submitted to Judge McConnell's Clerk, Amy Moses, at the Courthouse by Friday, March 2, 2012. By promptly obtaining this information, I hope to be able to appropriately tailor our approach to the plaintiffs. I am also scheduling a chambers conference for Monday, February 27th at 10:00 a.m. with plaintiffs' counsel and *pro se* plaintiffs to update them on any progress and to take any comments on the process that I will have suggested in my February 17th memo.

Second, because of the large number of defendants, as well as my understanding that there are a number of unnamed parties who have an interest in certain cases and have engaged counsel, I am forming a defendants' counsel steering committee. The people that I am appointing to serve on it are: Richard L. Gemma of Wieck, DeLuca & Gemma Inc.; Maura K. McKelvey of Hinshaw & Culbertson, LLP; Adam M. Ramos of Hinckley, Allen & Snyder, LLP; Sarah-Nell H. Walsh of Baker, Donelson, Bearman, Caldwell & Berkowitz; Joseph Yenouskas of Goodwin Procter, LLP; and Michael R. Hagopian of Orlans Moran, PLLC. If anyone named is unable or unwilling to serve, please let me know. The first meeting of the defendants' counsel steering committee will be a chambers conference held on Monday, February 27th at 2:00 p.m. For steering committee members who are not located in the greater Providence area, I am exploring a telephone conference option.

Third, it is my intention to quickly put into place something resembling a use and occupancy fee. Plaintiffs' counsel should be communicating to their clients that, <u>effective as early as March 15th</u>, a monthly payment will be required to be made into a non-interest bearing escrow account. Upon settling a case, the escrow will be turned over to the defendant or defendants in question. If a particular case is not settled, it will be for the Court to determine to whom the escrow money should go.

From the mortgage holder or foreclosed property owners' standpoint, it is only fair that they begin receiving payments. From the borrowers' standpoint, having gone through months if not years of either not making mortgage payments or not paying for taxes or insurance or both, it is particularly important that they begin to establish a payment history. That can provide credibility in order to secure a loan modification or a new loan. Again, I am giving you a heads up that I intend this to be effective in the near future, so that for planning purposes, you can make sure your clients will be prepared to make the payment(s).

Your clients should assume a payment equal to 50% of the monthly payment amount of their (disputed) defaulted mortgage. I may tweak this amount a bit, but will use only a rough rule of thumb in setting the monthly payment amount. It could take months to figure out something more precise. By that time I would hope that these cases would either be settled or back in the Court's hands for decision(s).

Finally, I am contracting with a local firm to provide items such as basic clerical, bookkeeping and database management services. When those arrangements are in place, I will supply e-mail addresses and phone contacts for both Linda and myself. In the meantime, I can be reached through the Court.

Thank you all for your anticipated cooperation in this matter.

# APPENDIX A

Note: Lawyer to complete top portion of form.

<u>Case Caption</u>                     <u>Docket No.</u>                     <u>Counsel to Plaintiff(s)</u>

_____

1.      Name of Borrower and Co-Borrower: _____

2.      Do you currently reside at the property: YES/NO

3.      If yes, is the property your principal residence: YES/NO

4.      Please provide the address of the property, including zip code:

_____

5.      Is the property a:
        _____ one family dwelling (house)
        _____ multi-family dwelling with less than four units
        _____ multi-family dwelling with more than four units
        _____ residential condominium unit
        _____ other – (describe)_____

6.      What is the size and date of the first mortgage in dispute in your case?

_____

7.      Has this mortgage been foreclosed? YES/NO

8.      Are you employed?  Borrower: YES/NO        Co-Borrower: YES/NO

9.      In December 2011, January or February 2012, did you make any monthly payments to a third party
        with respect to:
        (1) a mortgage on the property – YES/NO
        (2) for use and occupancy of the property – YES/NO
        (3) real estate taxes on the property – YES/NO
        (4) insurance for the property – YES/NO

If so, describe and attach evidence of the payment(s)._____

_____