UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES W. COOKE, JENNIFER COOKE, and JONATHAN V. COOKE,<br>    Plaintiffs,<br><br>vs.<br><br>OPTION ONE MORTGAGE CORP., SAND CANYON CORP., AMERICAN HOME MORTGAGE SERVICING, INC., BANK OF AMERICA, NA, as Trustee for STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-8, and US BANK, NA, as Trustee for STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-8,<br>    Defendants. | C. A. No. 12-176-M |

## ORDER

Before this Court is Plaintiffs' Motion for Relief from the Stay and for Sanctions (the "Motion"). (ECF No. 4.) On March 12, 2012, Plaintiffs filed suit against certain financial institutions alleging unauthorized assignments and various other errors related to a mortgage obtained from Option One Mortgage Corporation in connection with residential property located at 62 Long Entry Road (also known as 661 Cooper Road) in Glocester, Rhode Island. (ECF No. 1.) In the Motion, Plaintiffs state that they seek "relief from the stay for the sole purpose of this court to consider sanctions relative to the actions of American Home Mortgage Servicing, Inc. ('AHMSI'); U.S. Bank, NA, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2004-8 ('U.S. Bank'); and Nicholas Barrett &

Associates."[1] (ECF No. 4 at 1.) In addition, Plaintiffs move this Court to: "1) rescind the foreclosure sale, 2) award attorney's fees for drafting and filing this motion, and 3) for any and all other remedies that this Honorable Court deems fit to deter Defendants from engaging in similar conduct." *Id.* at 3.

On March 16, 2012, this Court entered an Order directing Defendants to respond to the Motion by noon on March 19, 2012. In response, American Home Mortgage Servicing, Inc. ("AHMSI"), U.S. Bank, N.A., as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2004-8 ("U.S. Bank"), Canyon Corporation (formerly known as Option One Mortgage Corporation), and Nicholas Barrett & Associates opposed the Motion. (ECF Nos. 6, 7, 8.) They contend that: (1) due to lack of service, Plaintiffs fail to establish jurisdiction over them; (2) this Court's stay entered on August 16, 2011 does not prohibit foreclosures; (3) no valid basis exists to enjoin their right to foreclose; and (4) sanctions would be inappropriate. (ECF No. 6 at 4-11.)

In addition to the instant case, this Court has a docket of over two hundred mortgage foreclosure cases. District courts have "'inherent power,' not governed by 'rule or statute,' to manage the litigation before [them]." *Zebrowski v. Hanna*, 973 F.2d 1001, 1003-04 (1st Cir. 1992) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). This power encompasses both the power to stay pending litigation and the power to sanction abuses of the judicial process. *In re Villa Marina Yacht Harbor, Inc.*, 984 F.2d 546, 548 (1st Cir. 1993) (citations omitted). "It

---

[1] Attorney Joseph Dolben of Nicholas Barrett & Associates appeared as counsel in the *In re: Mortgage Foreclosure Master Docket*, C.A. No. 11-mc-88. Neither Attorney Dolben nor Nicholas Barrett & Associates is named as a defendant in this mortgage foreclosure case, C.A. No. 12-cv-176. (ECF No. 1.) Plaintiffs allege that they sent Attorney Dolben via e-mail a copy of the complaint in this mortgage foreclosure case. (ECF No. 4 at 2.) An exhibit to the Motion contains e-mail correspondence indicating that Attorney Dolben received a complaint via e-mail on March 15, 2012. (ECF No. 4-1.)

is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1992).

In light of these inherent powers, this Court entered a Case Management Order staying all mortgage foreclosure cases in order to manage its large docket and to allow an organized settlement process to proceed unencumbered by the distractions and burdens associated with litigation. Specifically, on August 16, 2011, this Court issued an Order stating that "[a]ll mortgage foreclosure cases are hereby **STAYED** and shall remain so until further order of the Court." (C.A. No. 11-mc-88, ECF No. 1 at 1; C.A. No. 12-cv-176, ECF No. 2 at 1.) The Case Management Order containing the stay is entered on the docket of each new mortgage foreclosure case filed in this District.

In addition, this Court has reiterated the stay in subsequent orders. For example, on January 5, 2012, this Court issued an Order wherein it specified that the stay put in effect on August 16, 2011 "shall remain in full force until such time as further order of this Court . . . ." (C.A. No. 11-mc-88, ECF No. 156 at 4; C.A. No. 12-cv-176, ECF No. 3 at 4.) Again, on February 3, 2012, this Court issued an Order repeating that the stay remained in place and explaining that the mortgage foreclosure cases "are held in temporary abeyance in all respects to allow the parties to engage in meaningful mediation." (C.A. No. 11-mc-88.)

Plaintiffs contend that three entities – defendant AHMSI, defendant U.S. Bank, and law firm Nicholas Barrett & Associates – violated the stay by failing to stop a foreclosure auction despite their actual notice of the pending complaint and this Court's orders. (ECF No. 4 at 2.)

Plaintiffs, through counsel, notified attorney Joseph Dolben at Nicholas Barrett & Associates by email of the pending civil action and requested that he cancel the foreclosure in light of this Court's stay. *Id.* Plaintiffs further contacted the firm by telephone and demanded that the auction be cancelled. *Id.*

The stay remains in effect and prevents defendants from foreclosing on properties that are the subject of a pending complaint in the *In re: Mortgage Foreclosure Master Docket*. All parties and counsel are hereby reminded that holding all cases in the *In re: Mortgage Foreclosure Master Docket* in temporary abeyance while the organized settlement program directed by Special Master Merrill Sherman proceeds is in the best interest of all parties, this Court, and the cause of justice. Because this is the first time that a request for sanctions in connection with an alleged violation of the stay has come before this Court, this Court will deny the Motion. From this point forward, any violations of the stay will subject offending parties and offending counsel to sanctions.

Plaintiffs' Motion for Relief from the Stay and for Sanctions is DENIED in all respects. Any concerns regarding the foreclosure at issue in C.A. No. 12-cv-176 should be raised first in the context of the organized settlement program.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge
Date: March 21, 2012