# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re: Mortgage Foreclosure Cases | Misc. No. 11-mc-88-M-LDA |

## AMENDED ORDER

JOHN J. McCONNELL, JR., United States District Judge.

Hundreds of Plaintiffs filed suit in Rhode Island arising out of their home mortgages, against MERS, Inc. and other financial institutions, alleging that Defendants are responsible for fraudulent and/or flawed mortgage foreclosures. Defendants dispute such claims and contend that the mortgage foreclosures were conducted in accordance with the loan documents and relevant state statutes, and after valid and enforceable assignments of the right to foreclose.

This situation is problematic for both sides. Plaintiff homeowners are confronted with the emotional and economic devastation of losing their homes to foreclosure. Defendant financial institutions are confronted with countless mortgages on which homeowners have stopped paying. The problem is exacerbated by a significant downturn in real estate values that has placed many of these properties "under water." And Courts, this one in particular, has a substantial docket of individual cases that need to be managed efficiently, fairly, and in accordance with the law and proper procedure.

The Court's establishment of a system to explore all possibilities for the potential settlement of these claims before any party incurs any further expenses, burdens, and/or risks of litigation is in the interest of all parties. To promote judicial efficiency, the Chief Judge of the United States District Court for the District of Rhode Island assigned the mortgage foreclosure

cases to Judge John J. McConnell, Jr. and Magistrate Judge Lincoln D. Almond for coordinated pretrial proceedings. (ECF No. 1.)

Because of the quantity and complexity of these cases and the common interest in a fair and expeditious resolution, the Court hereby enters the following Order pursuant to Fed. R. Civ. P. 53 and its inherent authority:[1]

1.  The Court previously indicated that it was considering the appointment of a Master pursuant to Fed. R. Civ. P. 53 and its inherent authority to assist with pretrial matters and facilitate settlement in the individual cases collected into this miscellaneous docket. The Court solicited comments from all parties and received submissions, including suggestions of potential candidates.

2.  Having considered the comments and suggestions of all parties, the Court now APPOINTS as Special Master **MS. MERRILL W. SHERMAN**, of Jamestown, Rhode Island, former President and Chief Executive Officer of Bancorp Rhode Island, Inc. and former chairwoman of Crossroads Rhode Island.

3.  **Special Master's Authority**: Pursuant to Fed. R. Civ. P. 53(b)(2)), the Special Master shall have the authority to:

    a)  Order the parties to meet face-to-face and engage in serious and meaningful negotiations to resolve the mortgage disputes in order to keep families in their homes and to make the mortgages performing again;

    b)  Construct an efficient procedure to engage the parties in settlement

---

[1] "Beyond the provisions of [Fed. R. Civ. P. 53] for appointing and making references to Masters, a Federal District Court has 'the inherent power to supply itself with this instrument for the administration of justice when deemed by it essential.'" *Schwimmer v. United States*, 232 F.2d 855, 865 (8th Cir. 1956) (*quoting In re Peterson*, 253 U.S. 300, 312 (1920)).

negotiations, including, without limitation:

    i.    establishing a list of information needed from each party in order to facilitate settlement;

    ii.    creating a form and a time table for the exchange of such information;

    iii.    ordering production of all necessary information; and

    iv.    conducting in-person settlement negotiations with the parties and their counsel in all individual cases;

c)    Report regularly to the Court on the progress of the negotiations;

d)    Consult with other entities with expertise in this area, including but not limited to Rhode Island Housing and Housing Network of Rhode Island, in order to facilitate settlement;

e)    Order the appearance of any persons necessary to settle any claims completely and/or order the appearance of any non-parties, including but not limited to municipal and other governmental officials and lien holders, that may be essential for a total resolution of the claims;

f)    Make recommendations to the Court concerning any issues that may require resolution in order to facilitate settlement or to efficiently manage the litigation;

g)    Direct, supervise, monitor, and report upon implementation and compliance with the Court's orders, and make findings and recommendations on remedial action if required;

h)    Make formal or informal recommendations and reports to the

parties, and make recommendations and reports to the Court, regarding any matter pertinent to these proceedings;

i) Communicate with parties and attorneys as the need may arise in order to permit the full and efficient performance of these duties; and

j) Perform any and all duties assigned to her by the Court (as well as any ancillary acts required to fully carry out those duties) as permitted by both the Federal Rules of Civil Procedure and Article III of the Constitution.

4. **Stay**: The Court's Order, including the stay that was put into effect on August 16, 2011 (ECF No. 1) shall remain in full force until such time as further order of this Court after a certification by the Special Master that <u>all</u> attempts at negotiating a settlement have failed after good faith attempts by all parties.

5. **Communications with the Parties and the Court**: For the purposes of ensuring the efficient administration and management of this litigation, including making suggestions to the parties to facilitate compliance with Orders of the Court and to foster settlement, at the discretion of the Special Master or Court, the Special Master may communicate *ex parte* with counsel and/or the Court.

6. **Special Master's Records**: The Special Master shall maintain customary billing records of her time spent and expenses incurred on this matter, with reasonably detailed descriptions of her activities and matters worked upon, as well as records of her expenses. If the Court asks the Special Master to submit a formal report or recommendation regarding any matter, the Special Master shall submit such report or recommendation to the Clerk in writing, for electronic filing on the case docket.

7. **Review of the Special Master's Orders**: The Special Master shall either: (1)

reduce any formal order, report, or recommendation to writing and file it electronically on the miscellaneous case docket; or (2) issue any formal order, finding, report, or recommendation on the record, before a court reporter. Fed. R. Civ. P. 53(e) directs the Special Master, at the completion of her duties, other than those of assisting, advising, or consulting with the Court, to file a report upon the matters submitted to her and promptly serve a copy of the report on each party. Pursuant to Fed. R. Civ. P. 53(f)(2), any party may file an objection to an order, report, or recommendation by the Special Master within <u>seven (7) calendar days</u> of the date it was electronically filed;[2] failure to meet this deadline results in permanent waiver of any objection to the Special Master's orders, findings, reports, or recommendations. Absent timely objection, the orders, findings, reports, and recommendations of the Special Master shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise. As provided in Fed. R. Civ. P. 53(f)(3) and (4), the Court shall decide *de novo* all objections to findings of fact and conclusions of law made or recommended by the Special Master. The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties, and subject to waiver of objection to written orders or recommendations as noted above.

      8.    **<u>Compensation</u>**: The Special Master shall be compensated at the rate of $300 per hour for her time spent on performing her duties hereunder and she will be reimbursed for reasonable expenses. (For such purpose, and throughout this order in the context of the Special

---

[2] Fed. R. Civ. P. 53(f)(2) provides that parties may file objections to "the master's order, report, or recommendations no later than 21 days after a copy is served, unless the court sets a different time." The Court chooses to set a period of seven (7) calendar days (<u>NOT</u> business days) to expedite final resolution of matters formally reported upon by the Special Master. The Special Master may, however, provide in her order, report, or recommendations that the period for filing objections to that particular document is some period longer than seven (7) calendar days, if a longer period appears warranted.

5

Master, the word "expenses" shall be deemed to include fees and expenses.)  The parties shall bear this cost as follows:

    a)    The expenses of the Special Master shall be divided by the aggregate total number of plaintiffs and defendants in the miscellaneous docket *In Re: Mortgage Foreclosure Cases,* 11-mc-88-M-LDA.  For purposes of this calculation, joint owners of the property in dispute will be counted as one unit and Defendants listed in more than one case will be counted as one unit each time in which they are a named Defendant.  Each party shall be responsible for paying "its share" as described below.

    b)    The Special Master may retain clerical and/or support assistance to assist her in performing her duties.  Her expenses thus may include, but are not limited to, fees and expenses related to secretarial, clerical, paralegal, information technology and general office or other professional fees and expenses.  Such expenses shall be submitted by the Special Master for reimbursement as part of her fee and expense submission.

    c)    The Court has considered the fairness of imposing the likely expenses on the parties and has taken steps to protect against unreasonable expense or delay.  The Special Master shall incur only such expenses as may be reasonably necessary to fulfill her duties under this Order, or such other Orders as the Court may issue.

    d)    For billing purposes, the last day of the first month of each calendar quarter will be considered a "cutoff date."  The first cutoff date was January 31, 2012.

e) The Special Master will bill a One Hundred Thousand Dollar ($100,000.00) retainer on April 1, 2012. Retainers will be billed on the first day of each calendar quarter and the amount will be based on any fees incurred for the prior quarter that remains unpaid and the Special Master's reasonable judgment as to the projected fees to be incurred for the upcoming quarter. The Court will approve the amount of any subsequent retainer. The retainer will be held in escrow by the Special Master.

f) The Court-approved retainer bill will be divided by the number of units in existence as of the immediately preceding quarterly cut-off date. The resulting dollar amount will be rounded up to the nearest Ten Dollars ($10.00) and then will become the amount of the payment charged to each unit. These bills will be sent quarterly to Counsel and are payable within fifteen (15) days.

g) Monthly expense bills, as approved by the Court, will be charged against the retainer immediately following such approval.

h) Once a party has paid into the retainer, the party will remain in the pool in that amount until the retainer paid has been exhausted. At the conclusion of the case, those in the pool as of the last billing quarter will receive their pro rata share of the remaining retainer funds, if such a refund exceeds twenty-five dollars ($25.00) per unit.

8. **Other Matters**

a) Affidavit: Fed. R. Civ. P. 53(b)(3) requires that the Court enter an Order of appointment "only after" "the master files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. §455." See also Fed. R. Civ. P.

53(a)(2) (discussing grounds for disqualification). Attached as an exhibit to this Order is the affidavit submitted to the Court by the Special Master. If additional cases are added to the docket after the date of this Order, the Special Master will review (a) the names of the plaintiffs and defendants, (b) the names of their respective counsel and, to the extent applicable, the law firms of such counsel, and (c) the issues involved in such cases. If, to the best of her knowledge, information and belied, any such additional case presents grounds for her disqualification under 28 U.S.C. § 455, then she will promptly notify the Court, as well as counsel and any pro se parties, in that case.

b)      <u>Cooperation</u>:  The Special Master shall have the full cooperation of the parties and their counsel. Pursuant to Fed. R. Civ. P. 53(c)(2), the Special Master may, if appropriate, "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." As a duly appointed agent and officer of the Court, the Special Master shall enjoy absolute quasi-judicial immunity, the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.[3] The parties will make readily available to the Special Master any and all facilities, files, databases, and documents that are necessary to fulfill the Special Master's functions under this Order.

c)      <u>Review and Order of Appointment</u>:  It is ordered that the Special

---

[3] *See Atkinson-Baker & Assocs., Inc. v. Kolts,* 7 F.3d 1452, 1454-55 (9th Cir. 1993) (applying the doctrine of absolute quasi-judicial immunity to a Special Master).

    Master's duties and terms of appointment shall be subject to ongoing review and revision as necessary and shall be renewable annually. The Clerk shall furnish the Special Master with a copy of this order of appointment, and the Special Master shall commence the performance of her duties forthwith.

    d) <u>Commencement</u>: The Court hereby ORDERS the Special Master to "proceed with all reasonable diligence." Fed. R. Civ. P. 53(b)(2).

IT IS SO ORDERED.

**/s/ John J. McConnell, Jr.**
John J. McConnell, Jr.
United State District Judge

March 29, 2012