**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

|  |  |  |
|---|---|---|
| In re: Mortgage Foreclosure Cases | ) ) ) ) ) | Misc. No. 11-mc-88-M-LDA |

### CERTAIN DEFENDANTS' MEMORANDUM IN OPPOSITION TO PRELIMINARY INJUNCTION

NOW COME those certain Defendants represented by undersigned counsel in cases on this Honorable Court's above-entitled Master Foreclosure Docket,[1] and hereby respectfully submit this Memorandum in Opposition to Preliminary Injunction and in response to this Court's Order dated June 19, 2013 (the "Court's Order").

**I. Defendants join and incorporate by reference herein those arguments already made by certain Defendants in response to the Court's Order.**

The undersigned Defendants hereby adopt, join in, and incorporate by reference herein those Opposition Memoranda filed by other Defendants in the Master Foreclosure Docket cases (e.g., Certain Defendants' Opposition to Plaintiffs' Briefs in Favor of Continuance of the Preliminary Injunction [Doc. #2175] and Defendants' Response to

---

[1] Undersigned counsel represents the following Defendants who join in this Memorandum: (1) Defendants U.S. Bank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust, Series 2010-NP1 ("U.S. Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS") in the case of *Andrea O. Omigie vs. Mortgage Electronic Registration Systems, Inc., et al., Docket No. 1:13-cv-126-M-LDA* ("*Omigie*"); (2) Defendants PNMAC Mortgage Co., LLC ("PNMAC") and MERS in the cases of *Roger Mandarelli vs. PNMAC Mortgage Co., LLC, et al., Docket No. 1:12-cv-007-M-LDA* ("*Mandarelli*"); (3) Defendant The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificate Holder of CWABS, Inc., Asset- Backed Certificates, Series 2007-8 in *Andrew Ford vs. The Bank of New York Mellon, Docket No. 1:12-cv-00286-M-LDA* ("*Ford*"); (4) Defendants The Bank of New York Mellon Trust Company, N.A., as Grantor Trustee of the Protium Master Grantor Trust, BSI Financial Services, Inc., and MERS in *Walter Acevedo vs. Bank of New York Mellon, et al., Docket No. 1:13-cv-00126* ("*Acevedo*")*; (5) Defendants PNMAC and MERS in *Maria Munoz vs. Barclays Capital Real Estate, Inc., et al., Docket No. 1:13-cv-00053-M-LDA* (hereinafter, "*Munoz*"); and (6) Defendants PNMAC and MERS in *Dany Rath and Saroth Rath vs. MERS, et al., Docket No. 1:11-cv-00546-M-LDA* ("*Rath*"), which was settled via a loan modification, but concerning which a final (Amended) Dismissal Stipulation still has not been filed with the Court due to Plaintiffs' lack of response regarding negotiation of disbursement of the use and occupancy fees held in the Special Master's escrow account (and which, per the Special Master's direction, must be disbursed upon settling).

Order Concerning Injunctive Relief [Doc. #2180] and the arguments and legal analyses contained in these or any other Memoranda filed by Defendants in these actions). For the reasons stated therein, including, but not limited to, Plaintiffs' lack of standing under Rhode Island law to challenge the assignments of mortgage to which the Plaintiffs are not contractual parties, the fact that the parties to such assignments have ratified the authenticity of the same, and that the Rhode Island Supreme Court of *Bucci vs. Leman Bros. Bank, FSB,* No. 2010-146-Appeal, 2013 WL 1498655 at *14-15 (R.I. Apr. 12, 2013) has resolved most of the arguments raised by Plaintiffs' Briefs in support of the preliminary injunction, this Court should find that Plaintiffs have failed to sustain their burden of proving they are entitled to injunctive relief.

II.     **Facts present in these Defendants' individual cases only further confirm that injunctive relief is inappropriate in the circumstances.**

There are also individual facts involved in the cases in which these Defendants are named (as listed in footnote 1, *supra*) that justify this Court's denial of Plaintiffs' request for a preliminary injunction. For example, Plaintiffs' Briefs fail to mention any specific wrongdoing or alleged "robo-signing" by any of the foreclosing parties in *Omigie*, *Mandarelli*, *Munoz*, *Ford*, or *Acevedo*. Plaintiffs' bald assertions of alleged blanket "robo-signing" and use of so-called "evidence" that has no bearing or relevance to the cases on the Master Foreclosure Docket cannot support the injunctive relief requested in these cases. As noted in other Defendants' Opposition Memoranda which are incorporated by reference herein, Rhode Island law confirms that injunctive relief is an "extraordinary and drastic remedy" for which Plaintiffs must first sustain *Plaintiffs' burden* of proving "by a clear showing" that there is a substantial likelihood of success on the merits, that there will be irreparable harm if the injunctive relief is not afforded, that a

2

balancing of hardships tips in favor of Plaintiffs, and that affording the requested relief is appropriate when viewed in terms of its effects on the public interest. *See*, *e.g.*, *Brennan v. Wall*, C.A. No. 08-419 S, 2009 WL 3151175, at *2 (D.R.I. Sept. 28, 2009) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)); *Esso Standard Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 17-18 (1st Cir. 2006). Even if Plaintiffs did not lack standing to challenge the assignments of mortgage involved in these Defendants' cases (which Defendants deny based on arguments made in the other Defendants' Memoranda which are incorporated by reference herein), Plaintiffs' unverified accusations and irrelevant "evidence" showing possible robo-signing in other unrelated foreign jurisdiction cases cannot support a finding that there is a substantial likelihood that *these Defendants* have *also* allegedly robo-signed assignments of mortgage involved in these Rhode Island cases. Plaintiffs' so-called "evidence" is related to completely irrelevant properties, foreclosure sales, and assignments, and should not even be considered in the preliminary injunction analysis by this Court. Based on the 100s of pages of documents attached to some of Plaintiffs' Briefs – documents comprised of testimony and other alleged "evidence" that has nothing whatsoever to do with any of the Rhode Island foreclosure sales at issue on this Court's Docket – Plaintiffs clearly have nothing more than irrelevant and likely inadmissible "evidence" to offer in support of the merits of their claims. Plaintiffs clearly cannot reach the level of showing a substantial likelihood of success on the merits, as needed to justify the extraordinary equitable relief of an injunction, by offering irrelevant and likely inadmissible "evidence" that has nothing to do with any of the cases on this Docket.

Furthermore, Plaintiffs argue strenuously that it is *Defendants* who must put forth evidence that they have complied with *Bucci* by being the mortgagee and also the note holder or acting on behalf of the note holder at the time of foreclosure sale; however, there is no question under Rhode Island law that it is *Plaintiffs* who have the burden of proof.  Moreover, Defendants have never even had an opportunity to file responsive pleadings in these Mortgage Foreclosure Docket cases.  Indeed, if asked by this Court to provide evidence to support the authenticity of assignments of mortgage by affidavit or otherwise, most Defendants in these cases, including the Defendants filing the instant Memorandum, presumably could present such evidence to this Court upon request (and these Defendants hereby expressly reserve their right to present such evidence at a later date if deemed necessary by this Court).  In fact, in their Briefs, Plaintiffs made no specific claims of wrongdoing or robo-signing against these specific Defendants (i.e., PNMAC, BSI, BONY, U.S. Bank, etc.) at all; nor have Plaintiffs offered evidence to support any such claims against these Defendants with any sufficient particularity as related to the particular cases on the Docket.  In such cases, Defendants need not even present contrary evidence because there is no actual evidence that has been presented by Plaintiffs that robo-signing actually did occur in any of these Rhode Island cases.

Furthermore, in some cases, Plaintiffs' urgent claims that a recorded power of attorney is necessary to execute and record a valid assignment of mortgage, must fail from the outset based on the facts.  Plaintiffs' Briefs have not addressed those cases, like in *Omigie* (see footnote 1, *supra*), where there *is* a power of attorney on record title giving the signer of the assignment of mortgage authority to execute the same.  In such cases, it is even clearer that Plaintiffs' claims have no likelihood of success on the merits.

Plaintiffs' Briefs also do not address those cases that involve factual circumstances that show that the alleged harm that would befall Plaintiff if injunctive relief is not afforded, if any, would not be *irreparable* in nature, and instead would be compensable by monetary damages. For example, in the *Omigie* case (see footnote 1, *supra*), it is believed that Plaintiff resides at 5 Duchess Drive in Cranston, Rhode Island, while the property to be foreclosed is 100-102 Whitehall Street, Providence, Rhode Island – a multi-family residence which Plaintiff clearly does not appear to call her *own* home. Similarly, in *Mandarelli* (see footnote 1, *supra*), Plaintiff is not challenging the foreclosure sale of his home. Rather, he asserts in his Complaint that he resides at 383 Webster Avenue, Cranston, Rhode Island, and the property that was foreclosed upon was 2601 Hartford Avenue, Johnston, Rhode Island. In *Munoz* (see footnote 1, *supra*), Plaintiff alleges in her Complaint that she resides in New Jersey while the property subject to foreclosure sale and where she defaulted under her note and mortgage is located at 113-117 Sterling Avenue, Providence, Rhode Island. In all of these cases where apparent investment properties are involved, Plaintiffs' harm would be compensable with monetary damages. Based on Plaintiffs' own justification for irreparable harm that their home residences are unique and thus the loss of the same would not be compensable with monetary relief (a justification with which Defendants vehemently disagree even in cases involving Plaintiffs' homes), Plaintiffs would not suffer the same level of purported irreparable and "unique" harm in these cases involving investment properties as they would if their home residences were involved. Rather, in these cases involving investment properties, Plaintiffs' damages, if any, are monetary in nature.

Moreover, in those cases where the foreclosure sale has already occurred, injunctive relief is especially inappropriate. For instance, *Mandarelli* (see footnote 1, *supra*) concerns facts wherein the foreclosure sale was already completed by the time Plaintiff filed his Complaint with this Court. In a case such as *Mandarelli*, it is clear that injunctive relief is not necessary to avoid irreparable harm to Plaintiff given that the alleged cause of the irreparable harm, the foreclosure sale of Plaintiff's real estate, has already occurred. Accordingly, Plaintiffs' Brief fails to show that irreparable harm will befall *all* the Plaintiffs in *all* these cases if a blanket injunction is not continued in effect in *all* the mortgage foreclosure challenges.

Further, the very fact that this issue of whether a blanket preliminary injunction is appropriate in each case is back before this Court on remand from the United States Court of Appeals for the First Circuit *Fryzel* decision should confirm to this Court that the public interest will best be served by denying blanket injunctive relief. The small number of cases that have been settled via the Court's required Mediation Program, a Program which basically compels the bank defendants to review a loan for modification regardless of the amount of months (or sometimes years) the note and mortgage have been in default and despite that no independent determination has been made that the particular Plaintiff has any merit to his or her claims to justify the injunction and corresponding forced mediation, further personifies the negative affect on the public interest that the blanket injunctive order has had. Unfortunately, as has been shown by the enormous number of Plaintiffs who filed cases on the Master Foreclosure Docket since imposition of the injunctive order and required mediation program, a blanket injunction only invites abuse of process by property owners whose claims may lack

merit, but who are able to take advantage of the injunction anyway.  This Court must end this blanket injunction to deter such conduct.

## **Conclusion**

For the reasons set forth herein and in those other Defendants' Memoranda filed with this Court, which are adopted and joined in by these Defendants, and incorporated by reference herein, this Court should deny Plaintiffs' request for further injunctive relief in the Mortgage Foreclosure Docket cases.

>Respectfully Submitted,
>
>U.S. Bank, N.A., as Trustee for Merrill Lynch Mortgage Investors trust, Series 2010-NP1,
>
>PNMAC Mortgage Co., LLC,
>
>The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificate Holder of CWABS, Inc., Asset- Backed Certificates, Series 2007-8,
>
>The Bank of New York Mellon Trust Company, N.A., as Grantor Trustee of the Protium Master Grantor Trust, and
>
>BSI Financial Services, Inc.,
>
>By their Attorneys,
>
>By */s/ Nicole M. Labonte*
>   Nicole M. Labonte, Esq.
>   RI Bar No. 7255
>   Bendett & McHugh, P.C.
>   270 Farmington Avenue, Suite 151
>   Farmington, CT  06032
>   Phone: (860) 677-2868
>   Fax: (860) 409-0626
>   Email: nlabonte@bmpc-law.com

## **CERTIFICATE OF SERVICE**

I, Nicole M. Labonte, Esq., hereby certify that on this 5th day of July 2013, a true copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to all other counsel of record as identified in the Notice of Electronic Filing of today's date, and that a copy of the document was also sent via electronic mail to Barbara Barletta, Docket Clerk, at barbara_barletta@rid.uscourts.gov, for docketing and service upon counsel of record.

By */s/ Nicole M. Labonte*
   Nicole M. Labonte, Esq.
   RI Bar No. 7255
   Bendett & McHugh, P.C.
   270 Farmington Avenue, Suite 151
   Farmington, CT  06032
   Phone: (860) 677-2868
   Fax: (860) 409-0626
   Email: nlabonte@bmpc-law.com