UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re:  Mortgage Foreclosure Cases

MISC. NO. 11-MC-88-M-LDA

HSBC MORTGAGE CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR
PRELIMINARY INJUNCTION

HSBC Mortgage Corporation ("HMC") submits this opposition to the various motions filed by Plaintiffs seeking preliminary injunctions in the In re Mortgage Foreclosure Cases docket.  In addition to this memorandum, HMC further relies upon and incorporates herein by reference the arguments and positions set forth in the filings made by other defendants on this Master Docket regarding the preliminary injunction issue, including but not limited to those briefs filed by Mortgage Electronic Registration System ("MERS") and Federal National Mortgage Association ("Fannie Mae").

I.   Introduction.

In general, cases pending in the In re Mortgage Foreclosure Case docket share some common traits.  Plaintiffs take the position that the various loan servicers and lenders (collectively, "Foreclosing Entities") seeking to non-judicially foreclose upon mortgages may not do so under Plaintiffs' interpretation of Rhode Island law.  In support of their position, Plaintiffs proceed upon unverified allegations of fact and a variety of legal theories challenging the propriety of mortgage assignments and the Foreclosing Entities' efforts to exercise their rights under the mortgages themselves.  In response to the First Circuit's June 14, 2013 order and this Court's subsequent order of June 19, 2013, Plaintiffs, through their various counsel,

1

have submitted briefs requesting injunctive relief from this Court enjoining all defendants from proceeding with non-judicial foreclosures.[1]

In summary, Plaintiffs bear the burden of demonstrating "likelihood of success on the merits," among other factors of the four-part test necessary for a preliminary injunction. See Fryzel v. Mortgage Electronic Registration Systems, Inc. et al., No. 12-1526, at 10-13 (1st Cir. June 14, 2013). Plaintiffs cannot make such a showing because they have submitted no admissible evidence enabling this Court to "find probabilities that the necessary facts can be proved." Campbell Soup Co. v. Giles, 47 F.3d 467, 472 (1st Cir. 1995) (affirming denial of preliminary injunction even with some evidence) (internal quotes and citations omitted). Rather, Plaintiffs proceed upon unsupported allegations of fact and assert a variety of legal arguments. Without any admissible evidence to support their claims, Plaintiffs cannot, as they must, meet requirements to obtain injunctive relief. See TEC Eng'g Corp. v. Budget Molders Supply, Inc., 82 F.3d 542, 544 (1st Cir. 1999). Importantly, Plaintiffs' failure to submit evidence is fatal to their ability to show a "likelihood of success on the merits," which is vital to their request for injunctive relief. See New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002) ("[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.").

In addition to failing to submit evidence, Plaintiffs' requests for injunctive relief fail for an independent reason: the Rhode Island Supreme Court's on-point decision in Bucci v. Lehman Brothers Bank, FSB, et al. eliminates the primary legal theory upon which they rely. 2013 R.I. LEXIS 52 (R.I. Apr. 12, 2013). Plaintiffs primarily argue that mortgage

---

[1] While not clear from Plaintiffs' various filings, it appears that they seek to enjoin the Foreclosing Entities from proceeding with any other state court rights that would exist in their favor based upon an already-conducted foreclosure, including post-foreclosure state court eviction proceedings.

assignments by the MERS and loan servicers are "void" due to a lack of "authority." In support of this position, they plainly assert that loan servicers' "rights cannot be extended to include the ability to assign mortgages because they are, like MERS, **not the note holder as is the requirement of Rhode Island statute**." See Plaintiffs' Memorandum in Support of Preliminary Injunction (Babcock) at p. 32 (emphasis added). That is, Plaintiffs argue that loan servicers may not foreclose (or participate in the foreclosure process) in Rhode Island. Bucci holds to the contrary. Bucci, 2013 R.I. LEXIS 52, at * 17, 52 (citing trial court judge's approval of loan servicers; and affirming trial judge's ruling). Because Plaintiffs' legal theories challenging loan servicers' ability to foreclose have been rejected by Bucci, they may not obtain injunctive relief based upon those erroneous arguments. For these reasons, and as set forth in detail below, the Court should deny Plaintiffs' requests for a preliminary injunction.

II.   General Background & Common Factual Allegations.

Plaintiffs assert numerous common allegations and legal claims. Primarily, Plaintiffs challenge foreclosures based upon allegations of facially defective mortgage assignments. Plaintiffs seek declaratory judgment and to quiet title in their own names for certain fact-based reasons. Commonly, Plaintiffs allege that mortgage assignments are "void" because the person who executed that assignment had no authority to assign. In addition, Complaints often allege that the specific party seeking to foreclose was not the note holder on the date of the assignment, or that the assignment is void due to a lack of consideration. Essentially, Plaintiffs claim that the party seeking to foreclose was not, under Rhode Island law, permitted to invoke the power of sale in the mortgage because of a defective mortgage assignment. In other instances, Plaintiffs make the unsupported allegation that the underlying promissory notes have

been satisfied or are otherwise not in default. Plaintiffs' factual allegations are not supported by evidence, are disputed by the various defendants, and remain unproven. Plaintiffs carry the burden of proof with respect to all affirmative claims, especially those seeking the drastic remedy of injunctive relief.

### III.   Arguments And Authorities.

A.   Plaintiffs Are Not Entitled To A Preliminary Injunction Without Evidentiary Support For Their Allegations.

"A preliminary injunction is a potent weapon." Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 163 (1st Cir. 2004). It must "be used sparingly, and only in a clear and plain case." Rizzo v. Goode, 423 U.S. 362, 378 (1976). To receive a preliminary injunction, the party to be favored must demonstrate "a substantial likelihood of success in the pending action, [he/she] would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed." TEC Eng'g Corp., 82 F.3d at 544; Fryzel v. Mortgage Electronic Registration Systems, Inc. et al., No. 12-1526, at 10 (1st Cir. June 14, 2013). "While all these factors must be weighed, the cynosure of this four-part test is more often than not the movant's likelihood of success on the merits." Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 115 (1st Cir. 2006). "[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm Wireless Servs., Inc., 287 F.3d at 9. In weighing facts proffered in support of a claim, the Court must "find probabilities that the necessary facts can be proved." Campbell Soup Co. v. Giles, 47 F.3d 467, 472 (1st Cir. 1995) (internal quotes and citation omitted). "Likelihood of success cannot be woven from the gossamer threads of speculation and surmise." Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 6 (1st Cir. 1991). Rather, there must be "an adequate evidentiary predicate" to

4

support a finding of likelihood of success. New Comm Wireless Servs., 287 F.3d at 10-11; see Sampson v. Murray, 415 U.S. 61, 88-89 (1974) (no basis for preliminary injunction where no witnesses were heard on the applicable issue; the complaint was not verified; and the affidavit submitted "did not touch" upon the applicable issue); see also Adams v. Freedom Forge Corp., 204 F.3d 475, 487 (3d Cir. 2000) ("A preliminary injunction may not be based on facts *not* presented at a hearing, or not presented through affidavits, deposition testimony, or other documents, about the particular situations of the moving parties.") (emphasis in original)). As the First Circuit noted upon remand, Plaintiffs bear the burden of demonstrating entitlement to any injunctive relief, and such a showing must enable this Court to set forth its findings pursuant to Rule 52. Fryzel, supra, at 13; Fed. R. Civ. P. 52 ("find the facts specially and state its conclusions of law separately").

Plaintiffs claim, among other things, that the Foreclosing Entities lacked the ability to assign the underlying mortgage, transfer the underlying promissory note, enforce that note, or foreclose under the mortgage. See Plaintiffs' Memorandum in Support of Preliminary Injunction (Babcock) at p. 4 ("These assignments are void because the alleged parties to the assignment had no authority to assign."). Plaintiffs provide only bald allegations in unverified complaints, with some allegations pleaded "upon information and belief." They do not, however, provide the Court with the necessary affidavit or verifications to even infer a factual finding in their favor. As such, there is no evidentiary basis for the Court to find a probability of Plaintiffs demonstrating the facts needed to prove their claims. See Campbell Soup Co., 47 F.3d at 472 (Court must find probability that requisite facts can be proven); New Comm Wireless Servs., 287 F.3d at 10-11 (need adequate evidentiary predicate); see also 13-65

Moore's Federal Practice - Civil § 65.23 ("Allegations contained in an unverified complaint may not be considered in support of a motion for a preliminary injunction.").

Without evidence, there is no need to reach and examine the legal questions raised by Plaintiffs. Such an approach is contrary to basic tenets of preliminary injunction jurisprudence. "Injunctive relief is, by its very nature, fact-sensitive and case-specific." New Comm Wireless Servs., Inc., 287 F.3d at 13; Conservation Law Found. of Rhode Island v. Gen. Servs. Admin., 427 F. Supp. 1369, 1375 (D.R.I. 1977) (case by case assessment of preliminary injunction request "is the traditional hallmark of courts of equity"). At least one court, when faced with a similar situation, held that preliminary injunction analysis cannot "be generalized to all plaintiffs." Adams v. Freedom Forge Corp., 204 F.3d 475, 490 (3d Cir. 2000). When a Court is faced with a request for a preliminary injunction by a large group of plaintiffs, "proof by association" does not suffice. Id. at 487-90. Unless there is a foundation showing that facts supporting a preliminary injunction are applicable to all members of the group, a court cannot "enter a mass preliminary injunction." Id.

Here, there is no foundation showing that the same alleged factual flaws exist with all assignments. There is, in fact, no evidence submitted by Plaintiffs to demonstrate any of those alleged factual flaws, regardless of what they are alleged to be. In sum, without evidence, Plaintiffs' requests for a preliminary injunction must be denied.

B.     The Rhode Island Supreme Court's Decision In Bucci v. Lehman Brothers Bank, FSB, et al. Precludes Plaintiffs' Request For Injunctive Relief Because It Eliminates The Primary Legal Theories Upon Which They Rely.

In Bucci, the Rhode Island Supreme Court held that a mortgagee need not own the borrower's promissory note in order to foreclose under Rhode Island law. As Plaintiffs do here, the borrowers in Bucci argued that Rhode Island law requires "unity in the note holder

and mortgagee," and therefore, a party (such as MERS) that holds the mortgage but not the note, is prohibited from foreclosing on the mortgage. This argument was flatly rejected by the Bucci court when it held that possession of a borrower's note is not required by the mortgagee to initiate foreclosure under the statutory power of sale. Compare Plaintiffs' Memorandum in Support of Preliminary Injunction (Babcock) at p. 19 ("It is clear that R.I.G.L. § 34-11-21, unchanged by the legislature for over 50 years, contemplated the mortgage and the lender being the same party ... [t]here is no question that the legislature did not contemplate a time when the note and mortgage would be severed.") with Bucci, 2013 R.I. LEXIS 52, at * 42 ("We are fully aware that these statutes were originally enacted during a time when the mortgagee and note holder were almost always the same entity. In the modern world of lending, however, that is no longer the case."). The parties do not dispute that a mortgagee may or may not be the same party holding the underlying promissory note. The parties do, however, dispute the legal impact of the separation of the mortgage from the note. If a borrower fails to pay off the note, the mortgagee may exercise the power of sale contained in the mortgage. See Contreras v. Bank of N.Y. Mellon, 2013 U.S. Dist. LEXIS 43592 (D. Mass. Mar. 27, 2013); see also Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282 (1st Cir. 2013); Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 969 N.E.2d 1118 (Mass. 2012). Under Bucci, which is a statement of governing Rhode Island law, there is simply no prohibition against a loan servicer participating in the foreclosure process. Bucci, 2013 R.I. LEXIS 52, at * 45-46 (Thus, it is our opinion that none of the statutes that plaintiffs rely upon prohibit MERS from foreclosing on the Bucci mortgage, because in so doing, MERS would be acting as an agent on behalf of the note owner. Furthermore, under our reading of these statutes, any of the obligations placed upon a "mortgagee" may be fulfilled by either the

7

mortgage holder or the owner of the note, provided that an agency relationship exists between the two.). In nearly all of the cases pending in the In re Mortgage Foreclosure Case docket, Plaintiffs seek to challenge loan servicers' ability to foreclose by arguing that a loan servicer, by definition, does not own a promissory note. This argument fails, however, because, as the Bucci court has acknowledged, a loan servicer attempting to enforce a mortgage on behalf of the owner of a note is entitled to enforce the obligation the mortgage secures. As a result, because Plaintiffs cannot establish that a loan servicer is *per se* unable to foreclose and because they have presented no independent evidence regarding any specific servicer relationships, the Court should deny Plaintiffs' requests for injunctive relief.

## IV. Conclusion.

For the foregoing reasons, and the arguments and positions set forth in the briefs filed by other defendants on this master docket regarding the preliminary injunction issue, all of which are incorporated herein by reference, HSBC Mortgage Corporation respectfully requests that this Court deny Plaintiffs' requests for a preliminary injunction.

Respectfully submitted,

HSBC MORTGAGE CORPORATION

by its attorneys,

*/s/ Sean R. Higgins*
Sean R. Higgins (admitted *pro hac vice*)
sean.higgins@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
Tel.: (617) 573-4700
Fax: (617) 573-4710

- and-

>/s/ *Carl E. Fumarola*
>Carl E. Fumarola, Bar No. 6980
>carl.fumarola@nelsonmullins.com
>Nelson Mullins Riley & Scarborough LLP
>10 Dorrance Street, Suite 700
>Providence, Rhode Island 02903
>Tel:  401-519-3850
>Fax:  401-519-3606

Dated:  July 5, 2013

## CERTIFICATE OF SERVICE

I, Sean R. Higgins, certify that on this day, July 5, 2013, I filed the foregoing document by sending it – pursuant to the Court's Order of June 19, 2013 – via email to the Court's Docket Clerk, Ms. Barbara Barletta at Barbara_Barletta@rid.uscourts.gov, who will then docket the submission and serve it via email upon all counsel of record.

>/s/ *Sean R. Higgins*
>Sean R. Higgins