UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re MORTGAGE FORECLOSURE CASES | C.A. No. 11-mc-88 |
| NATIE AMADIO AND BRIAN SOLOTKE<br>    Plaintiff<br><br>VS<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SUNTRUST MORTGAGE, INC. AND U.S. BANK, N. A. as Trustee for CSMC 2007-3<br>    Defendants | C.A. No. 1:12-CV-00608-M-LDA |

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO JUNE 19, 2013 ORDER REGARDING CONTINUATION OF INJUNCTION AGAINST FORECLOSURE**

Defendants, SunTrust Mortgage, Inc. ("SunTrust"), and U.S. Bank. N.A., hereby submit this memorandum of law in response to this Court's June 19, 2013 order (Master Doc. No. 2163) which was issued pursuant to the June 14, 2013 opinion of the First Circuit Court of Appeals in cases on the Master Foreclosure Docket. *See Fryzel v. Mortgage Electronic Registration Systems, Inc.*, slip op., 2013 WL 2896794 (1st Cir. June 14, 2013).

**STATEMENT OF FACTS AND TRAVEL**

On August 24, 2012, Plaintiffs filed their Complaint, raising certain allegations related to their mortgage on property located at 980-982 Smithfield Avenue, Lincoln, Rhode Island ("Property"). Shortly, thereafter, this Court *sua sponte* entered its Case Management Order on the docket of the within action, assigning this case to the Master Foreclosure Docket which had been established in August 2011. The Case Management Order, among other things, imposed a

"stay in the nature of a preliminary injunction against foreclosure and possessory proceedings." *See Fryzel*, 2013 WL 2896794 at *1.

In its June 14 opinion, the First Circuit held that it was error to issue the preliminary injunction in the absence of

> a hearing followed by findings that the party to be favored has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

*Id.* at *3 (citing *TEC Eng'g Corp. v. Budget Molders Supply, Inc.*, 82 F.3d 542, 545 (1st Cir. 1996). The First Circuit directed that on remand, this Court hold a hearing to determine whether the injunction should be continued. "The burden of demonstrating entitlement to any injunctive relief will rest on the mortgagors." *Id.* at *5. The First Circuit also stated that upon remand, the "jurisdictional standing issue" was "necessarily implicated" in the mortgagors' "burden to show probable success as a condition of continuing the injunction." *Id.* at *5.

On June 19, 2013, this Court issued an order inviting the parties to file briefs on whether the Plaintiffs "have established" the four elements predicate to issuance of a preliminary injunction. On June 27, 2013, a brief was filed by "Plaintiffs on docket" represented by Attorney George E. Babcock, Esq. The Plaintiffs in this action, Natie Amadio and Brian Solotke, are represented by Mr. Babcock.

Mr. Babcock's brief is not directed to the mortgage transaction or the Property at issue in this case. Although the brief includes certain sworn deposition testimony from other proceedings in other jurisdictions, none of those are directed to the transaction at issue in this matter. The Plaintiffs in this action have not provided any affidavits or other evidentiary materials.

**ARGUMENT**

In its June 19, 2013 order, pursuant to the First Circuit's recent opinion, this Court invited briefs on whether the Plaintiffs "have established" the prerequisites for a preliminary injunction. To that point, the Plaintiffs had not even asked for a preliminary injunction, much less demonstrated their entitlement to it as a matter of fact or law. Mr. Babcock's brief of June 27, 2013 did not fill that void, as it provided no facts or arguments directed to the transaction at issue in this case. Moreover, these Plaintiffs, Natie Amadio and Brian Solotke, are in no danger of irreparable harm because they do not even reside in the subject Property. Accordingly, the preliminary injunction should be vacated forthwith.

### I. PLAINTIFFS HAVE NOT AND CANNOT ESTABLISH IRREPARABLE HARM.

One of the factors implicated in whether to continue this Court's *sua sponte* preliminary injunction is whether Plaintiffs are likely to suffer irreparable harm in the absence of an injunction. However, in this case, they are not. The Plaintiffs no longer live in the Property. In the course of negotiations under the Special Master's program in April 2013, Plaintiffs represented that they were moving as of May 1, 2013 to a property in Seekonk, Massachusetts, which they also own. They intended to surrender the Property which is the subject of this action. Accordingly, they are not likely to suffer any irreparable harm if the injunction against foreclosure is denied. The only parties likely to suffer harm are Defendants, SunTrust and U.S. Bank, who have the right to liquidate the Property and apply the proceeds to Plaintiffs' defaulted loan.

### II. PLAINTIFFS ARE NOT LIKELY TO SUCCEED ON MERITS.

While there are a number of factors to be considered in granting or denying a preliminary injunction, "a movant's likelihood of success at trial is particularly influential in the preliminary

injunction calculus." *See Cohen v. Brown University*, 991 F.2d 888, 903 (1st Cir. 1993). Even if the Plaintiffs did still reside in the subject Property, the injunction should still be denied, because Plaintiffs are not likely to succeed on the merits of their claims.

Since the basis for this Court's jurisdiction is diversity jurisdiction, Plaintiffs' substantive claims are governed by Rhode Island law. *See, e.g.*, *Barton v. Clancy*, 632 F.3d 9, 17 (1st Cir.2011) ("A federal court sitting in diversity ... must apply state substantive law.") *see also* Mortgage ¶ 14 at 6 (stating that the applicable state law is the "jurisdiction in which the Property is located"). In applying state substantive law, the Court must first "look to the pronouncements of a state's highest court in order to discern the contours of that state's law." *Id* (citing *González Figueroa v. J.C. Penney P.R., Inc.*, 568 F.3d 313, 318 (1st Cir. 2009)). However, if the highest court has not addressed the question at issue, then the Court must predict how that court likely would decide the issue by "looking to the relevant statutory language, analogous decisions of the state supreme court, decisions of the lower state courts, and other reliable sources of authority." *Id.*

> **a. Where Plaintiffs have not submitted any evidence, or "material of evidentiary quality" such as affidavits or documents, they cannot demonstrate a likelihood of success on the merits.**

The First Circuit has made clear that a "live evidentiary hearing" is not required in connection with a request for a preliminary injunction. *See Aoude v. Mobil Oil Corp.* 862 F.2d 890, 894 (1st Cir. 1988) (stating that an evidentiary hearing, while "highly desirable," is not necessary to granting a preliminary injunction). Nevertheless, more than mere allegations are necessary for the Plaintiffs to sustain their burden. *See Kelly Services, Inc. v. Greene*, 535 F.Supp.2d 180, 182 n.1 (D. Me. 2008) (stating that a party seeking a preliminary injunction must "present [e]vidence that goes beyond the unverified allegations of the pleadings") (quoting 11A

4

Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2949 (1995)) (internal quotations omitted). "This is typically accomplished by submission of affidavits," although a verified complaint can be treated as the "functional equivalent" of an affidavit. *See id.* (internal quotations omitted). However a plaintiff chooses to support a request for injunctive relief, it must involve materials "of evidentiary quality." *See Rosario-Urdaz v. Rivera-Hernandez*, 350 F.3d 219, 223 (1st Cir. 2003) (stating if it could accord "great respect" to a refusal to convene an evidentiary hearing when, for example, the trial court "has before it competing submissions of evidentiary quality").

In this case, Plaintiffs have only filed an unverified complaint, but no affidavits or other material "of evidentiary quality." They have not even submitted the mortgage or assignments which related to the Property which is the subject of this action. Mr. Babcock's recent brief does not address the facts and circumstances of *this case* or *this Property*. Without submitting any affidavits or documentary evidence, Plaintiff has not demonstrated a likelihood of success on the merits. Under these circumstances, it would be error to permit the preliminary injunction to continue.

### b. A borrower lacks standing to challenge the assignment of his mortgage.

The core of Plaintiffs' Complaint is alleged imperfections in mortgage assignments. However, a borrower does not have standing to challenge the assignment of his or her mortgage, since the borrower is not a party to the assignment agreement. *E.g.*, *Payette v. Mortg. Elec. Reg. Sys. Inc.*, No. PC-09-5875, 2011 WL 3794701, at Part III.C. (R.I. Super. Aug. 22, 2011) (Rubine, J.). Numerous cases have reached similar holdings on the standing issue, and other issues routinely raised by mortgagors. *See, e.g.*, *Rutter v. Mortg. Elec. Reg. Sys.*, Nos. PC-2010-4756, PD-2010-4418, 2012 WL 894012 at Part III.C (R.I. Super. March 12, 2012) (Silverstein, J.);

*Chhun v. Mortg. Elec. Reg. Sys.,* No. PC 2011-4547, 2012 WL 2648200 at Part III. (R.I. Super. June 26, 2012) (Rubine, J.); *Machado v. Mortg. Elec. Reg. Sys.*, No. PC 2011-4092, 2013 WL 210770 at Part III. (R.I. Super. Jan. 15, 2013) (Rubine, J.); *Pigeon v. Mortg. Elec. Reg. Sys.*, 2013 WL 486874 at Part III. (R.I. Super. Feb. 5, 2013) (Rubine, J.); *Batista v. Mortg. Elec. Reg. Sys.*, 2013 WL 663160 at Part III. (R.I. Super. Feb. 20, 2013) (Rubine, J.); *Hoecke v. First Franklin Financial Corp.*, No, KC 2009-0743, 2013 WL 1088825 at Part III, n.3 (R.I. Super. Mar. 7, 2013) (Rubine, J.); *Seng v. Mortg. Elec. Reg. Sys.*, No. PC 2011-2784, 2013 WL 1490360 (R.I. Super. Apr. 3, 2013) (Rubine, J.). Until such time as the Rhode Island Supreme Court weighs in, the views of the Superior Court continue to represent the "prevailing view of the law in Rhode Island." *E.g.*, *Chhun*, 2012 WL 2648200 at Part III, n.3; *see Seng*, 2013 WL 1490360 at Part III.

The absence of standing has been addressed by this Court in two similar decisions rendered by Magistrate Judge David L. Martin. *Fryzel v. Mortg. Elec. Reg. Sys.*, No. 10-352, 2011 WL 9210454 at Parts VIII–X. (D.R.I. June 10, 2011);[1] *Cosajay v. Mortg. Elec. Reg. Sys.*, No. 10-442, slip. op. at 10–14 (D.R.I. June 23, 2011).[2] Magistrate Martin first reasoned that because the Court was sitting in diversity, it must apply Rhode Island law on the issue of whether a mortgagor had standing to challenge an assignment of his mortgage. *Fryzel*, 2011 WL 9210454 at Part IX.B, X, slip. op. at 27, 32; *Cosajay*, slip. op. at 22, 27–28. Magistrate Martin then observed that as mortgagor, the Plaintiffs were not parties to the assignment agreements at issue in that case. *See Fryzel*, 2011 WL 9210454 at Part X., slip op. at 29; *Cosajay*, slip op. at 25. Finally, he analyzed various authorities from Rhode Island and elsewhere, concluding that it

---

[1] The *Fryzel* case was eventually dismissed due to the Plaintiff's noncompliance with court orders. (Text Order, Oct. 12, 2012, C.A. No. 10-352). An objection was raised to the cited Report and Recommendation, but the objection was never ruled upon.

[2] The *Cosajay* case remains pending in this Court. A challenge was raised to the cited Report and Recommendation. However, it has yet to be ruled upon.

was "well established" under Rhode Island law that a party to a contract lacks standing to challenge that contract's subsequent assignment. *Id.* at Part X., slip op. at 29–32; *Cosajay*, slip. op at 25–28.

In an attempt to overcome the lack of standing to challenge mortgage assignments, Plaintiffs cite the recent opinion of the First Circuit Court of Appeals in *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 290 (1st Cir. Feb. 15 2013). In *Culhane*, the Court found that for purposes of *Massachusetts* law, a mortgagor does in fact have limited standing to challenge a mortgage assignment. *See id.* (relying in part on a mortgagor's "legally cognizable right" under Massachusetts law "to ensure that any attempted foreclosure on [plaintiff's] home is conducted lawfully"). It reasoned that under Massachusetts law, only a mortgagee is authorized to conduct a valid foreclosure. *Id.* (citing *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 941 N.E.2d 40, 50 (2011)). In Massachusetts, a foreclosure is void if not conducted on behalf of a mortgagee or assignee of the mortgagee. *See id.* Accordingly, a mortgagor had standing to challenge "an assignee's status qua mortgagee." *Id.*[3]

*Culhane* does not represent the law of Rhode Island, as subsequent Rhode Island authorities have so held. *E.g.*, *Hoecke*, 2013 WL 1088825, Part III, n.3; *Seng*, 2013 WL 1490360, Part III. Moreover, these decisions have interpreted *Culhane* as merely permitting a challenge as to whether the assignor of a mortgage had any interest in the mortgage to assign. *Id. Culhane* does not permit a mortgagor "to assert defects in the execution of a particular mortgage assignment." *See Hoecke*, 2013 WL 1088825, Part III, n.3; *Seng*, 2013 WL 1490360, Part III. Accordingly, the *Culhane* opinion provides no basis to disregard the prevailing law in Rhode Island which holds that a mortgagor lacks standing to challenge the assignment of his or her

---

[3] Even under Massachusetts law, a mortgagor lacks "standing to challenge shortcomings in an assignment that render in merely voidable at the election of one party but otherwise effective to pass legal title." *Culhane*, 708 F.3d at 290. In this respect, *Culhane* is consistent with the Rhode Island authorities cited above.

mortgage "and the effect those assignments, if any, could have on the underlying obligation." *See Payette*, 2011 WL 3794701 at Part III.C.

### c. The mortgagee, MERS, is permitted to hold a mortgage as nominee for the note holder.

Plaintiffs also seem to allege some impropriety in the fact that MERS held the mortgage at one time—it no longer holds it—while MERS did not hold the associated promissory note. Such allegations are similar to those which have been overwhelmingly rejected in the recent notable opinion in *Bucci v. Lehman Bros. Bank*, 2013 WL 1498655, Slip. Op. No. 2010-146 (R.I. Apr. 12, 2013). In *Bucci*, the court held that it was permissible to have separate ownership of the mortgage and the corresponding promissory note, where the mortgagee—i.e., MERS—was simply acting as a "nominee" or agent of the note holder. This holding renders most of the allegations in Plaintiffs' Complaint without merit.

### III. PLAINTIFFS SHOULD BE REQUIRED TO POST A BOND AS A CONDITION OF ANY PRELIMINARY INJUNCTIVE RELIEF.

Under Fed. R. Civ. P. 65(c), the court may issue a preliminary injunction "only if" the movant provides a bond in a sufficient amount sufficient "to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." If the Court imposes an injunction, therefore, it should require the Plaintiffs to pay an amount equal to (a) the amount of property taxes that shall come due in the next 18 months; (b) the amount of interest expected to accruing on the Plaintiffs' defaulted loan during the next 18 months, and (c) the amount of property insurance premiums expected to be incurred during the next 18 months to protect against any casualty loss to the Property.

### IV. DEFENDANTS JOIN IN THE OBJECTIONS FILED BY OTHER LENDERS TO CONTINUATION OF THE PRELIMINARY INJUNCTION.

Defendnats, SunTrust Mortgage, Inc. and U.S. Bank, N.A., hereby join in the "Certain Defendants' Opposition to Plaintiffs' Briefs Seeking Continuation of the Preliminary Injunction" (Master Doc. No. 2175), the "Certain Defendants' Memorandum in Opposition to Preliminary Injunction" (Master Doc. No. 2179), and "Defendants' Response to Order Concerning Injunctive Relief" (Master Doc. No. 2180).

### CONCLUSION

WHEREFORE, Defendants, SunTrust Mortgage, Inc. and U.S. Bank, N.A., hereby request that the injunction against foreclosure be lifted.

DEFENDANTS,
SUNTRUST MORTGAGE, INC. and U.S. BANK. N.A. as Trustee for CSMC 2007-3
By Its Attorney,

 /s/ Daniel E. Burgoyne
R. Kelly Sheridan (#1976)
Daniel E. Burgoyne (#7541)
ROBERTS, CARROLL, FELDSTEIN & PEIRCE, INC.
Ten Weybosset Street, 8th Floor
Providence, RI   02903
401-521-7000  FAX 401-521-1328
ksheridan@rcfp.com
dburgoyne@rcfp.com

## **CERTIFICATION**

The undersigned hereby certifies that a true copy of the within document was filed electronically with the above-captioned Court, and notices of electronic filing were sent to the following persons on **July 3, 2013**.

- **Corey J. Allard**
  callard@allardlaw.com
- **George E. Babcock**
  george.babcock@babcocklawoffices.com

(There are no persons on the manual notice list for this case.)

/s/ Daniel E. Burgoyne

5087-1
(755722)