# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

In re: Mortgage Foreclosure Cases | C.A. No. Misc. No. 11-mc-88-M-LDA

## CERTAIN DEFENDANTS' OPPOSITION TO CONTINUING THE PRELIMINARY INJUNCTION

### I. INTRODUCTION

On June 19, 2013, this Court ordered that, in compliance with the First Circuit's ruling, it will be holding a hearing on July 10, 2013 to consider continuing its injunction on the consolidated cases in the *In re Mortgage Foreclosure Cases*, 11-mc-088-M-LDA, docket. [ECF No. 2163]. In light thereof, the certain undersigned defendants join in the Opposition [ECF No. 2175] and submit this opposition to the continuation of the Court's injunction.[1]

### II. PROCEDURAL POSTURE

On August 16, 2011, this Court "STAYED" all cases consolidated in *In re Mortgage Foreclosure Cases* (the "Order"). [ECF No. 1]. On January 25, 2012, the Court appointed a Special Master to oversee and manage the mandatory mediation process imposed over the foreclosure docket. [ECF No. 156]. On March 29, 2012, the Court amended the Order (the "Amended Order"). [ECF No. 412]. The Amended Order is the effective order with regard to the consolidated cases.

A group of defendants challenged and appealed the Amended Order, including the appointment of the Special Master, to the First Circuit. *See Fryzel v. Mortgage Elec. Registration Sys., Inc.*, 12-1526, 2013 WL 2896794 (1st Cir. June 14, 2013). Upon remand of

---

[1] These certain defendants are named in those cases appended hereto as Exhibit A.

the cases from the First Circuit, this Court is required "to determine whether the existing injunction against foreclosure and possessory action should be continued" after a hearing thereon in compliance with Fed. R. Civ. P. 65. *Id.* at *5. "The burden of demonstrating entitlement to any injunctive relief will rest on the mortgagors as it would have if a timely hearing had been held in compliance with Rule 65[.]" *Id.*

### III. STANDARD OF REVIEW

It is undisputed that the burden of continuing any further injunction in the within matter rests with the plaintiffs. *Id.* Each plaintiff must establish that (1) there is "a substantial likelihood of success on the merits, (2) there exists, absent the injunction, a significant risk of irreparable harm, (3) the balance of hardships tilts in its favor, and (4) granting the injunction will not negatively affect the public interest." *TEC Eng'g Corp. v. Budget Molders Supply, Inc.*, 82 F.3d 542, 544 (1st Cir. 1996). For the injunction to be continued, "the mortgagors' likelihood of success in challenging foreclosure" is the "critical requirement." *Fryzel*, 2013 WL 2896794, at *3 (citing *Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 115 (1st Cir.2006)).

A court's "decision to grant or deny a preliminary injunction must be supported by adequate findings of fact and conclusions of law." *TEC Eng'g Corp.*, 82 F.3d at 545. To support a motion for preliminary injunction, "[e]vidence beyond the unverified allegations of the pleadings and motion papers must be presented[.]" 11A Wright, Miller & Kane, *Fed. Prac. & Proc. Civ.* § 2949 (2d ed.). Plaintiffs' failure to put forth any evidence other than the unverified pleadings relative to these cases precludes this Court from continuing the injunction.

### IV. ARGUMENT

#### A. The Undersigned Defendants Join in the Memorandum of Certain Defendants [ECF No. 2175].

To promote judicial economy, the within defendants will not repeat arguments

2

that this Court will undoubtedly receive from other defendants. Accordingly, the undersigned parties reference, adopt, fully incorporate herein, and join the Memorandum entitled "Certain Defendants' Opposition to Plaintiffs' Briefs Seeking Continuation of the Preliminary Injunction" filed on July 2, 2013 [ECF No. 2175]. In addition, the undersigned parties briefly respond with the below arguments.

### B. Plaintiffs' Do Not Have a Likelihood of Success on the Merits

1. Plaintiffs' Underlying Premise Challenging an Assignee's "Standing" Is Fatal to their Claims and Likelihood of Success on the Merits.

As briefs and documents flood the Court, the underlying claims and requests for relief by defaulted mortgagors may get lost in the morass. In these cases, defaulted mortgagors challenge the contractual rights of mortgagees of record to enforce the statutory power of sale. As the Rhode Island Supreme Court noted in *Bucci v. Lehman Bros. Bank, FSB*, 2010-146-APPEAL, 2013 WL 1498655 at *6 n. 7 (R.I. Apr. 12, 2013), there is a difference between standing to sue and the authority to initiate foreclosure proceedings. Plaintiffs portray their foreclosure challenges as if the foreclosing mortgagee has a burden to prove "standing" to enforce the statutory power of sale in this non-judicial foreclosure jurisdiction. Plaintiffs confuse on whom the "standing" burden rests.

The only party required to prove "standing" in these cases is plaintiffs. They have invoked the jurisdiction of the courts. *See id.* Accordingly, each plaintiff, as the "party who is advancing the claim", must prove standing. *Id.* (quoting *Bowen v. Mollis*, 945 A.2d 314, 317 (R.I. 2008)). There is no such "standing" burden on a foreclosing mortgagee. *See id.* ("The salient issue that is before this Court is whether MERS has the legal authority to initiate a nonjudicial foreclosure and to exercise the power of sale."). Rather, having been contractually granted the statutory power of sale through the mortgage, a foreclosing mortgagee is required to

3

be the mortgagee of record[2] and, at least, an agent for the owner of the note. *Id.* at *15.

The *Bucci* Court recently clarified the contractual nature of the statutory power of sale: "the right to exercise the power of sale in a mortgage is derived from contract, not statute." *Bucci*, 2013 WL 1498655 at *11 (citing *Thurber v. Carpenter*, 18 R.I. 782, 784, 31 A. 5, 6 (1895)(parenthetical omitted)). Rhode Island public policy favors freedom of contract. Accordingly, "competent persons shall have the utmost liberty of contracting and . . . their agreements voluntarily and fairly made shall be held valid and enforced in the courts unless a violation of the law or public policy is clear and certain." *Id.* (quoting *Gorman v. St. Raphael Academy*, 853 A.2d 28, 38 (R.I. 2004)(quoting *Wechsler v. Hunt Health Systems, Ltd.*, 216 F.Supp.2d 347, 354-55 (S.D.N.Y. 2002)(emphasis in *Bucci*))).[3]

Each mortgage contract contains a similar express and direct grant from each mortgagor: "Borrower does hereby mortgage, grant and convey to Lender,[4] with the power of sale, the following [property]."[5] Any subsequent assignment of that mortgage is, therefore, contractual in nature. Accordingly, only a party to that subsequent contract has "standing" to seek judicial enforcement of that contract. *See Brough v. Foley*, 525 A.2d 919 (R.I. 1987) (purchasers of property, upon which a parent corporation had option of first refusal it subsequently assigned, lacked standing to challenge the right of first refusal or to the

---

[2] *See* R.I. Gen. Laws § 34-11-4: "Any form of conveyance in writing, duly signed and delivered by the grantor . . . shall be operative to convey to the grantee all the possession, estate, title and interest . . . of the grantor, absolutely in and to the land conveyed . . .; and if also duly acknowledged and recorded, shall be operative as against third parties."

[3] To deny mortgagees the ability to assign its mortgages would also conflict with Rhode Island policy in favor of the free alienation of property interests. *Petition of Smyth*, 139 A. 657, 659 (R.I. 1927) ("Restraints upon the right [to alienate property] are against the policy of the law which favors the free alienation of property.").

[4] To the extent plaintiffs claim that only the "Lender" – a defined mortgage term – is authorized to foreclose, and that its assigns could never foreclose, this argument is ridiculous on its face. Interests in land, including mortgages, are freely transferrable. R.I.G.L. § 34-11-1.

[5] Mortgage language taken from mortgage in *Gaouette v. Household Finance Corp. II*, 1:12-cv-0101-M-LDA.

4

assignment).

"Furthermore, § 34-11-24 provides that an assignment of the mortgage shall also be deemed an assignment of the debt secured thereby." *Casimiro v. Mortg. Elec. Registration Sys.*, No. PC 2011-1833, 2012 WL 6093911, at slip op. 9 (R.I. Super. Ct. Dec. 4, 2012). Therefore, "the holder of legal title to the mortgage – MERS [in that case] – always acted as an agent of the owner of the equitable title." *Bucci*, 2013 WL 1498655 at *15. Accordingly, upon the recording of an assignment of mortgage the assignee possesses "all the rights as mortgagee, including the statutory power of sale." *Casimiro*, 2012 WL 6093911, at slip op. 9.

Plaintiffs are neither parties to the subsequent assignments of mortgage nor the agency relationships between the owners of the promissory notes and the mortgagees (if the two are not the same party). As a result, the plaintiffs cannot void those agreements. Because the General Assembly did not intend to "proscribe the application of general agency principles in the context of mortgage foreclosure sales[,]" *Bucci*, 2013 WL 1498655 at *14, plaintiffs in breach of the statutory condition[6] lack standing to challenge the contractual authority of assignees of the mortgage to enforce the statutory power of sale, especially when assignments are not required to be recorded to be effective. *Town of Johnston v. MERSCORP, Inc.*, CA 12-452-M, 2013 WL 3146771 at *6 (D.R.I. June 21, 2013).

The Court should also find it noteworthy that with the over 800 cases consolidated on its docket, the only parties challenging void assignments are the borrowers. Each case names defendant parties who would have standing to contest the validity of these transfers; yet, in not one case has any assignor, assignee, mortgagee, or noteholder contested the

---

[6] Having been given the opportunity by this Court to provide evidence in support of their claims for an injunction, plaintiffs have wholly failed to put forth *any* evidence in their favor; conspicuously missing is any proof that any plaintiff is not in payment default under his/her mortgage.

5

underlying transactions challenged by these plaintiffs. The lack of contest by these parties ratifies the underlying intent of the parties to convey and transfer the rights under the notes and mortgages at issue, further illustrative of plaintiffs' meritless claims.

> 2. *Culhane* Is Based Solely in Massachusetts Law and Has No Applicability in Rhode Island.

It is undisputed that *Culhane v. Aurora Loan Servs. of Nebraska*, 708 F.3d 282, (1st Cir. 2013), limited its decision only to Massachusetts law. 708 F.3d at 290 ("we hold only that *Massachusetts* mortgagors, under circumstances comparable to those in this case, have standing to challenge a mortgage assignment")(emphasis added). The Massachusetts law giving rise to *Culhane*'s standing interpretation is substantially different from Rhode Island law. This Court, sitting in diversity jurisdiction, must apply Rhode Island law. *Barton v. Clancy*, 632 F.3d 9, 17 (1st Cir. 2011) ("A federal court sitting in diversity . . . must apply state substantive law.").

Looking to Massachusetts state law, *Culhane* cited to *Eaton v. Fed. Nat. Mortgage Ass'n*, 462 Mass. 569, 586, 969 N.E.2d 1118, 1131 (2012), which held for the first time and prospectively that in Massachusetts a "mortgagee" is one who holds the mortgage and who, "although not the note holder himself, acts as the authorized agent of the note holder[.]" The *Eaton* Court suggested that, because of this new definition and the ability to record affidavits regarding title under M.G.L. c. 183, § 5B, a foreclosing mortgagee should record an affidavit stating that the mortgagee is either the noteholder or an agent of the noteholder. *Id.* at n. 28.

Subsequently, the Massachusetts legislature codified *Eaton* when it passed M.G.L. c. 244, § 35C(b), which requires the filing of an affidavit of the mortgagee's relationship to the noteholder. Recording of such an affidavit is "conclusive evidence" of the right to proceed with foreclosure in Massachusetts. *Id.*

Rhode Island law has no similar provision. In fact, converse to Massachusetts

law, there is no statutory provision that would allow for the recording of such a "noteholder status" affidavit. Additionally, the *Bucci* Court stopped well short of even suggesting such a requirement under Rhode Island law, even though it had the benefit of *Eaton*. Finally, the Superior Court has steadfastly held not only that Rhode Island mortgagors lack standing, but that *Culhane* is inapplicable in this jurisdiction.[7]

Regardless of many similarities between Rhode Island and Massachusetts mortgage foreclosure law, there is a marked difference between the jurisdictions on the issue of a mortgagor's standing (or lack thereof in Rhode Island) to challenge third party assignments. Massachusetts has both common law and statutory bases to attribute certain rights that do not exist in Rhode Island. Therefore, this Court, sitting in diversity and applying Rhode Island law, must find that the plaintiffs do not have standing to challenge the assignments of mortgage.

## V. CONCLUSION

For the above reasons, including all those stated at ECF Nos. 2175, the plaintiffs have failed to meet their burden for a continued injunction. This Court must dissolve the injunction and dismiss plaintiffs' actions.

---

[7] The Rhode Island Superior Court has opined that *Culhane* is irrelevant to the application of Rhode Island law, which this Court must apply here:
> It is a long-standing principle of Rhode Island law that strangers to a contract do not have standing to challenge the subsequent assignment of that contract. *See Brough v. Foley*, 525 A.2d 919, 921-22 (R.I. 1987). Although a recent decision from the First Circuit holds that mortgagors have standing to challenge a mortgage assignment under Massachusetts law, this Court is obligated to apply the common law of Rhode Island.

*Van Hoecke v. First Franklin Fin. Corp.*, KC 2009-0743, 2013 WL 1088825, slip op. at 7 n.3 (R.I. Super. Mar. 7, 2013).

7

HOUSEHOLD FINANCE CORPORATION II, HSBC MORTGAGE CORPORATION, BENEFICIAL RHODE ISLAND, INC., HSBC MORTGAGE SERVICES, INC., HOUSEHOLD FINANCE COMPANY, HSBC BANK USA, N.A., AURORA LOAN SERVICES, LLC, LEHMAN BROTHERS BANK, FSB AURORA BANK, FSB, US BANK AS TRUSTEE, NATIONSTAR MORTGAGE LLC, ARGENT MORTGAGE COMPANY, LLC, AND AMERIQUEST MORTGAGE COMPANY

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ David J. Pellegrino
David J. Pellegrino (#7326)
Charles A. Lovell (#4004)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
djp@psh.com
cal@psh.com

DATED: July 5, 2013

### CERTIFICATE OF SERVICE

I hereby certify that in compliance with the Order of this Court dated June 19, 2013 [ECF No. 2163], this submission has been filed on this 5th day of July, 2013, by e-mail to the Docket Clerk, Barbara Barletta, at Barbara_Barletta@rid.uscourts.gov, for further docketing and service by the same..

/s/ David J. Pellegrino

1860238_1/7078-4

## EXHIBIT A

| | |
|---|---|
| 11-427 | Clara Akalarian, et al v. American Home Mortgage Servicing, Inc., et al |
| 11-579 | Ronald & Sandra L. Ellinwood v. Argent Mortgage Company, LLC et al |
| 11-333 | Jacqueline M. Ciccone v. Aurora Loan Services, LLC, et al |
| 11-598 | Robert Eden v. Aurora Loan Services, LLC alias, et al |
| 12-019 | Joshua Jenkins and Donna Raymos-Jenkins v. Mortgage Electronic Registration Systems, Inc., et al |
| 12-059 | Bruce M. Bowen and Mary E. Shaw v. Mortgage Electronic Registration Systems, Inc., et al |
| 12-101 | Raymond K. Gaouette and Lorraine M. Gaouette v. Household Finance Corporation II |
| 12-224 | Edwin E. Romero v. Mortgage Electronic Registration Systems, Inc., et al |
| 12-227 | Tony R. Siravo and Tina D. Siravo v. Mortgage Electronic Registration Systems, Inc., et al |
| 12-439 | Kathleen S. Connell v. Mortgage Electronic Registration Systems, Inc., et al |
| 12-622 | Ann-Marie Voucolo v. Argent Mortgage Company LLC et al |
| 12-706 | Johnny G. Ivey and Jenny D. Ivey v. Mortgage Electronic Registration Systems, Inc., et al |
| 12-763 | Daniel J. Brough v. Wilmington Finance, a Division of AIG Federal Savings Bank, et al |
| 12-852 | Guillermo Romero v. Deutsche Bank National Trust Company, as Trustee, et al |
| 12-907 | Christine Neves v. Ameriquest Mortgage Company, et al |
| 13-043 | Lorri G. Jones and Lonnie T. Jones v. Household Finance Corporation II, et al |
| 13-049 | Roger V. Marandola and Lois A. Marandola v. Beneficial Rhode Island Inc., et al |
| 13-094 | Norma A. Olivo f/k/a Norma Lantigua v. Mortgage Electronic Registration Systems, Inc., et al |

| | |
|---|---|
| 13-186 | Stanley E. Sykes, Jr. v. Household Finance Corporation II and HSBC Mortgage Corp. |
| 13-338 | Dino Alves and Robin Alves v. Mortgage Electronic Registration Systems, Inc. and HSBC Mortgage Services, Inc. |
| 13-366 | Angela B. Rosa and Hector L. Rosa v. Household Finance Corp. II |
| 13-462 | Jose Calderon v. Mortgage Electronic Registration Systems, Inc., et al |