**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

In re: Mortgage Foreclosure Cases                    Misc. Case No. 11-mc-88-M-LDA

**CERTAIN DEFENDANTS' OPPOSITION**
**TO THE PRELIMINARY INJUNCTION**

NOW COME certain Defendants[1] in the below listed cases that are part of this Master Docket, and submit this opposition to any preliminary injunction. In addition to the following opposition, the Defendants, for the sake of brevity, join and incorporate by reference, the arguments and positions set forth in the filings made by other parties on this Master Docket regarding this issue including: Document 2175, Document 2178, Document 2179, Document 2180, Document 2183. These oppositions clearly set forth the reasons why this Court should not approve an injunction and should remove the stay in this Master Docket.

I. THIS COURT, SITTING IN DIVERSITY, MUST APPLY RHODE ISLAND LAW IN DECIDING WHETHER OR NOT THE PLAINTIFFS' COMPLAINTS HAVE MERIT.

The Master Docket is comprised of parties from multiple jurisdictions and therefore sits in diversity; hence this Court must apply state law to the current controversy. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).[2] Therefore, as many of the Plaintiffs attempt to pull case law, many incorrect, from other jurisdictions to support their allegations, this Court does not even need to consider them. The case which this Court should focus on is the Bucci matter which addresses many of the allegations of the Plaintiffs. See Bucci v. Lehman Bros. Bank, FSB, 2010-146-APPEAL, 2013 WL 1498655 (R.I. Apr. 12, 2013). The court in Bucci found the

---

[1] The Defendants are parties in the following actions: Harrington, 11-626; Eguez, 12-205; Shorts, 12-423; Hach, 12-846; Huynh, 12-891; Aubee, 13-158; and Neary 13-378.
[2] For a comprehensive analysis of which law this Court should consider, see Document 37 filed in Cosajay 10-442

1

borrowers have no standing to challenge assignments. The Plaintiffs in the Master Docket allege that somehow the assignments are fraudulently void and therefore the foreclosures are a nullity. Since they have no standing (nor any valid evidence showing any fraud) the Plaintiffs cannot challenge the assignments.

The Plaintiffs do attempt to argue the point that the recently decided Culhane case from the First Circuit should control and that, therefore the borrowers do have standing to challenge the assignments. *See* Culhane v. Aurora Loan Servs. of Nebraska, 708 F.3d 282 (1st Cir. 2013). To say this argument is weak would be an understatement. As all the oppositions set forth, Culhane allows limited standing to challenge an assignment if it is "invalid, ineffective, or void." Id. at 291. As none of the complaints provide any evidence of these requirements nor do any of the Plaintiffs motions in support of the injunction provide any evidence of this, that argument fails.

II.     *PLAINTIFFS HAVE FAILED TO PROPERLY PLEAD A COUNT FOR FRAUD.*

The Plaintiffs somehow allege the Defendants acted fraudulently in the assignments therefore they must be voided. To succeed on a claim of fraud, the Plaintiffs need to plead with particularity and show that "the plaintiff[s] must prove that the defendant[s] 'made a false representation intending thereby to induce plaintiff to rely thereon,' and that the plaintiff[s] justifiably relied thereon to his or her damage." Women's Dev. Corp. v. City of Cent. Falls, 764 A.2d 151, 160 (R.I. 2001). The Plaintiffs fail as none of the complaints plead fraud with any particularity and further, there is no evidence that the Plaintiffs have been damaged. The Plaintiffs will attempt to show that the fact they were foreclosed upon is their damage, however, that is an improper analysis as the Plaintiffs were foreclosed upon as they failed to pay their mortgage or loan.

The Plaintiffs also reference many of the statutes under §34-11-1 et. seq. and attempt to tie in an argument that the assignments are improper transactions and that somehow the Defendants did not comply with the foreclosure rules.  The court in <u>Bucci,</u> and the numerous decisions by Judge Rubine, all address these arguments and therefore it is not necessary to rehash that discussion.  What is interesting is that the Plaintiffs don't take into account is that, for whatever reason, it was determined those assignments were defective, a corrective assignment would be recorded and correct that issue.  The Plaintiffs also don't make any showing that they stopped paying their loan for many years because a potentially defective assignment went on record.  It would be a fair assumption that a high majority of the Plaintiffs have never seen the assignment on record which they argue is void.

III. *THE PLAINTIFFS CANNOT NOT SURVIVE THE TEST FOR A PRELIMINARY INJUNCTION AS THERE IS NO LIKELIHOOD OF SUCCESS AND THEIR COMPLETE LACK OF PAYMENT OF THE LOAN, INSURANCE AND TAXES SWINGS THE BALANCE OF HARDSHIPS TO THE DEFENDANTS.*

The test for a preliminary injunction has been set forth in many of the Plaintiffs and Defendants motions and oppositions.  As a quick overview the court reviews the (1) likelihood of success, (2) harm if the injunction is denied, (3) balance of hardships and (4) public interest. (citations omitted.)  The Defendants have shown that the Plaintiffs have no likelihood of success due to the complete lack of facts and any supported pleadings to support their claims.  The Plaintiffs main point is that the harm the Plaintiffs will suffer requires an injuction.  However, this argument is a fallacy.

The Plaintiffs have not paid their loan, mortgage, taxes and insurance for many years, some many more than others.  At the heart of these cases, that should be the main focus.  The Plaintiffs don't allege they can pay, or they tried to pay or they weren't sure who to pay – they just don't pay.  The Defendants have now been burdened by having to upkeep these properties,

3

pay the taxes and unable to market the properties in hopes of recouping a fraction of the mortgage amount.  If the local governments were to move forward with a code violation action, it would be the Defendants, not the Plaintiffs who would be responsible to remedying.  The Plaintiffs get to live in the property for almost free (paying just a slight amount in use and occupancy which the Defendants might or might never receive).  The Defendants must carry these properties and continue to pay any outstanding supplemental amounts while the Plaintiffs pay nothing.

It is very interesting that no discussion of payment or why the Plaintiffs are not paying is not included in any of the Plaintiffs motions or briefs.

IV. *IF THE STAY IS LIFTED, IT DOES NOT PRECLUDE THE PARTIES FROM SETTLEMENT TALKS, INCLUDING MODIFICATION OF THE LOAN*.

The Plaintiffs create a doomsday type scenario if the injunction is not granted.  This attempt is a bit dramatic as the State of Rhode Island would not come to a standstill overnight.  Many of the Plaintiffs state the stay has been successful; of course they would state that seeing as the Plaintiffs get to live in a property for a negligible amount of money per month.  There is no incentive for the Plaintiffs to settle these actions.  They can't afford the loans and no matter what, their homes will eventually be foreclosed upon, even if the Defendants have to start over again.  The Plaintiffs attempt some philosophical argument that the Plaintiffs are losing their homes.  However, this is misplaced, as the Plaintiffs have already lost their homes, for the most part.  Either judicially or non-judicially, when a borrower breaches a mortgage contract and fails to pay a loan, then the property gets foreclosed upon.  The end result is the same.

That being said, the Defendants are aware of the judicial and political environment and it would be fair to say that settlement is always a key aspect to any litigation.  Loan modifications are a consideration, especially to the Defendants filing this opposition.  Those Defendants state

by lifting the stay, it puts pressure on both sides to quickly come to the table for settlement talks. The Plaintiffs can no longer hide behind the Special Docket and will have to engage the Defendants in sincere settlement talks including possible loan modifications, short-sales, etc…

*CONCLUSION*

For the reasons set forth above and by other briefs filed by other Defendants, the below named Defendants respectfully request this Court to lift the stay and deny any injunction.

Respectfully submitted,

MORGAN STANLEY CREDIT CORP.;

HSBC BANK USA, NA AS TRUSTEE FOR SEQUOIA MORTGAGE TRUST;

OCWEN LOAN SERVICING, LLC;

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.:

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE REGISTERED HOLDERS OF NOMURA HOME EQUITY HOME LOAN, INC. ASSET-BACKED CERTIFICATES, SERIES 2007-2;

DEUTSCHE BANK NATIONAL TRUST COMPANY;

MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-NC3;

MORGAN STANLEY ABS CAPITAL I TRUST 2007-NC3 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NC3;

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2004-3, ASSET-BACKED CERTIFICATES, SERIES 2004-3;

    WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2004-OP2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-OP2;

    DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF GSAMP TRUST 2006-NC2, MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-NC2;

    By their attorney,

    /s/ Jeremy R. Bombard

    Jeremy R. Bombard, Esq. [RI BAR 7816]
    Houser & Allison, APC
    Old City Hall
    45 School Street, 3rd Floor
    Boston, MA 02108
    Phone: (617) 371-0922
    jbombard@houser-law.com
    Dated:  July 5, 2013

## **CERTIFICATION**

I, the undersigned, hereby certify that on July 5, 2013, a true and accurate copy of the within was emailed to Barbara Barletta, Docket Clerk of the Federal District Court at Barbara_Barletta@rid.uscourts.gov.

                                      */s/ Jeremy R. Bombard*

                                      Jeremy R. Bombard, Esq.