UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re: Mortgage Foreclosure Cases

Misc. No. 11-mc-88-M-LDA

## WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFFS' BRIEFS SEEKING CONTINUATION OF THE PRELIMINARY INJUNCTION

Wells Fargo Bank, N.A. ("Wells Fargo") submits this brief in support of its request that this Honorable Court deny the plaintiffs' requests for preliminary injunction as to all cases in which undersigned counsel represent Wells Fargo in the *In re Mortgage Foreclosure Cases* docket. As more fully set forth below, the plaintiffs have failed to meet the requisite legal requirements of Fed. R. Civ. P. 65(a), and have failed to present any credible evidence, in the form of Affidavits or otherwise, to support the allegations contained in their complaints. In addition to the legal arguments contained herein, Wells Fargo further relies upon and incorporates herein by reference the arguments and positions set forth in the filings made by other Defendants in the *In re Mortgage Foreclosure Cases* docket.[1]

## I.     FACTUAL ALLEGATIONS COMMON TO PLAINTIFFS' COMPLAINTS.

The plaintiffs assert numerous common allegations and legal claims.  Primarily, the plaintiffs challenge foreclosures based upon claims of facially defective mortgage assignments and seek declaratory judgment to quiet title in their own names.  They simply rely on unsupported allegations that the mortgage assignments are "void" because the individual who executed that assignment "had no authority to assign."  In addition, the plaintiffs' Complaints often allege that the specific party seeking to foreclose was not the note holder on the date of the

---

[1] Wells Fargo submits this brief on behalf of all defendants represented by undersigned counsel in the cases listed in Appendix A attached hereto.

1

assignment, or that the assignment is void: due to a lack of consideration. In other instances, the plaintiffs make the unsupported allegation that the underlying promissory notes have been satisfied or are otherwise not in default.[2]

Regardless of the nature of the allegation, the plaintiffs' factual assertions are not supported by any admissible evidence, and as such, the plaintiffs have failed to meet their burden of proof with respect to all their claims.

## II.   STANDARD OF REVIEW.

"A preliminary injunction is a potent weapon." *Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 163 (1st Cir. 2004). It must "be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). To receive a preliminary injunction, the party to be favored must demonstrate "a substantial likelihood of success in the pending action, [he/she] would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed." *TEC Eng'g Corp.*, 82 F.3d at 544; *Fryzel v. Mortgage Elec. Registration Sys., Inc.* et al., No. 12-1526, at 10 (1st Cir. June 14, 2013). "While all these factors must be weighed, the cynosure of this four-part test is more often than not the movant's likelihood of success on the merits." *Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 115 (1st Cir. 2006).

"Likelihood of success cannot be woven from the gossamer threads of speculation and surmise." *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 6 (1st Cir. 1991). Rather, there must be "an adequate evidentiary predicate" to support a finding of likelihood of success. *New Comm Wireless Servs.*, 287 F.3d at 10-11; *see Sampson v. Murray*, 415 U.S. 61, 88-89 (1974)

---

[2] To the extent that the plaintiffs' Complaint can be read to allege that they were not in default at the time of the foreclosure sales, they have not, and cannot, provide any evidence to support such allegations. The plaintiffs cannot dispute that they did not make their monthly mortgage payments from prior to the date of the foreclosure sale and cannot dispute that they were in default for failing to make those payments.

(holding that there was no basis for a preliminary injunction where no witnesses were heard on the applicable issue; the complaint was not verified; and the affidavit submitted "did not touch" upon the applicable issue); *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487 (3d Cir. 2000) (stating that "[a] preliminary injunction may not be based on facts *not* presented at a hearing, or not presented through affidavits, deposition testimony, or other documents, about the particular situations of the moving parties.") (emphasis in original). The Third Circuit, when faced with a similar situation, held that preliminary injunction analysis cannot "be generalized to all plaintiffs." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 490 (3d Cir. 2000). When a court is faced with a request for a preliminary injunction by a large group of plaintiffs, "proof by association" does not suffice. *Id.* at 487-90. Unless there is a foundation showing that facts supporting a preliminary injunction are applicable to all members of the group, a court cannot "enter a mass preliminary injunction." *Id.*

### III.   ARGUMENT.

#### A.   Summary of Argument.

The plaintiffs' Complaints include the same general allegations and claims. First, the plaintiffs do not present a scintilla of admissible evidence, but rather, proceed upon unverified allegations of fact contrary to the First Circuit's ruling in *Campbell Soup Co. v. Giles*, 47 F. 3d 467, 472 (1st Cir. 1995) (affirming the denial of a preliminary injunction finding the plaintiff did not submit admissible evidence)(internal quotes and citations omitted).

Second, the plaintiffs do not have a likelihood of success on the merits as they do not have standing to challenge the mortgage assignments pursuant to Rhode Island law. *See Brough v. Foley*, 525 A.2d 919, 921-22 (R.I. 1987) (holding that third-party did not have standing to

challenge the assignment of a contractual right from one obligee to another); *see also*, *DePetrilla v. Belo Holdings, Inc.*, --- A.3d ---, 2012 WL 2153439, *6 (R.I. 2012).

Third, the plaintiffs' claims also fail pursuant to the Rhode Island Supreme Court's decision in *Bucci v. Lehman Brothers Bank, FSB, et al.*.2013 R.I. LEXIS 52 (R.I. Apr. 12, 2013) (holding that MERS may foreclose under Rhode Island law and rejecting "unity" theory).

Finally, in those cases where the foreclosure sale has already occurred, the plaintiffs claims are barred pursuant to R.I.G.L. §34-11-22.

The plaintiffs do not have a likelihood of success on the merits as to any of these claims. Therefore, for these reasons, and as set forth in detail below, the Court should deny the plaintiffs' request for preliminary injunctions.

**B.     The plaintiffs are not entitled to a preliminary injunction without any evidence to support their allegations.**

The First Circuit has set a high evidentiary standard for the plaintiffs to meet for a preliminary injunction to issue. In the matter of *Campbell Soup Co. v. Giles*, the First Circuit affirmed the denial of a preliminary injunction as the plaintiff did not submit evidence which would have enabled the court to "find probabilities that the necessary facts can be proved." *Campbell Soup Co. v. Giles*, 47 F.3d 467, 472 (1st Cir. 1995) (affirming denial of preliminary injunction even with some evidence) (internal quotes and citations omitted). A party that moves "for a preliminary injunction…must present '[e]vidence that goes beyond the unverified allegations of the pleadings….'" *Kelly Servs., Inc. v. Greene*, 535 F.Supp.2d 180, 181 n.1 (D. Me. 2008) (quoting Wright, Miller & Kane § 2949).

Uniformly in these matters, the plaintiffs provide only bald allegations in unverified complaints, and in fact some allegations are pled "upon information and belief." They do not, however, provide the Court with the necessary affidavits or verifications to allow a factual

finding in their favor.  As such, there is no evidentiary basis for the Court to find a probability that the plaintiffs can demonstrate facts needed to prove their claims.  *See Campbell Soup Co., supra; see also New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) (need adequate evidentiary predicate); 13-65 Moore's Federal Practice - Civil § 65.23 ("Allegations contained in an unverified complaint may not be considered in support of a motion for a preliminary injunction.").

Without evidence, there is no need to reach and examine the legal questions raised by the plaintiffs.  Such an approach is contrary to basic tenets of preliminary injunction jurisprudence. "Injunctive relief is, by its very nature, fact-sensitive and case-specific."  *New Comm Wireless Servs., Inc., supra; Conservation Law Found. of Rhode Island v. Gen. Servs. Admin.*, 427 F. Supp. 1369, 1375 (D.R.I. 1977) (holding that a case-by-case assessment of a preliminary injunction request "is the traditional hallmark of courts of equity[]").

## C.    The plaintiffs do not have standing to challenge the validity of the assignments of mortgage under applicable Rhode Island law and therefore, do not have any likelihood of success on claims related to the assignments.

As a threshold issue, under Rhode Island law the plaintiffs do not have standing to challenge the validity of the assignments of mortgage in these cases or any agreements authorizing the assignments.  The plaintiffs claim that the assignments are "void" because it was executed without authority.  In Rhode Island, only parties to a contract may seek to have rights declared under the contract. *See Brough v. Foley*, 525 A.2d 919, 921-22 (R.I. 1987) (holding that third party did not have standing to challenge the assignment of a contractual right from one obligee to another); *see also DePetrillo v. Belo Holdings, Inc.*, --- A.3d ---, 2012 WL 2153439, *6 (R.I. 2012) ("This Court consistently has stated that as a necessary predicate to pursuing a declaratory judgment, a plaintiff must have standing [and] we have indicated that an

individual who was not a party to a contractual agreement lacks standing to challenge its validity.").

The plaintiffs lack standing to challenge the assignments, and any other agreements authorizing the assignments, because they are neither parties to, nor third-party beneficiaries of, these agreements.   In addressing mortgagors' claims as to the effectiveness of assignments of mortgages, state trial courts have consistently enforced this principle. *See, e.g., Payette v. Mortgage Elec. Registration Sys., Inc.*, PC 2009-5875, 2011 WL 3794701, slip op. at 15 (R.I. Super. Aug. 22, 2011) (agreeing with "widely held" position that mortgagors "lack standing to challenge the propriety of mortgage assignments and the effect those assignments, if any, could have on the underlying obligation"); *Kriegel v. Mortgage Elec. Registration Sys., Inc.*, PC 2010-7099, 2011 WL 4947398, slip op. at 10 (R.I. Super. Oct. 13, 2011) ("It is undisputed, and clear as set forth in the Complaint, that Plaintiff is not a party to the MERS-FNMA assignment[] … thus … Plaintiff was a stranger to that assignment and consequently lacks standing to contest the legal rights of an assignee under those documents."); *Accord Dilibero v. Mortgage Elec. Registration Sys., Inc.*, PC2011-4645, 2012 WL 4507551, slip op. at 8 (R.I. Super. Oct. 1, 2012); *Rutter v. Mortgage Elec. Registration Sys., Inc.*,   PC2010-4756, PD2010-4418, 2012 WL 894012, slip op. at 16-17 (R.I. Super. Mar. 12, 2012).

The plaintiffs attempt to assert rights pursuant to the assignments to which they are neither parties nor third-party beneficiaries.   The plaintiffs have no standing to challenge the assignments because they are not asserting their own contract or legal rights in disputing the validity of the assignments. *See Kriegel, supra*, at 12 ("Plaintiff, a stranger to the assignment of the mortgage from MERS to FNMA, lacks standing to challenge the propriety of the assignment and the effect it may have on the exercise of the Statutory Power of Sale.").   As the plaintiffs are

neither parties nor intended third-party beneficiaries to either the assignments, corporate resolutions or other agreements authorizing the assignments to the Foreclosing Entities, they do not have standing to assert legal rights based on these documents. *Id.* at 10-11 (*citing Brough*, 525 A.2d at 921-22, and declaring unsubstantiated borrower claims that "the right to exercise the statutory power of sale touches upon the rights of the owner of the secured property" insufficient to "justify abrogating the well-settled *Brough* rule.").

None of the Foreclosing Entities, nor those parties that assigned the mortgages to the Foreclosing Entities, as parties to the assignments, have challenged the validity of the assignments or accompanying agreements, and the plaintiffs have no standing to do so. Accordingly, Plaintiffs lack standing to challenge the Foreclosing Entities' right to foreclose through attacks on the assignments, corporate resolutions, or other agreements authorizing the assignment.[3]

D.    **The plaintiffs' remaining general allegations and claims are addressed by the Rhode Island Supreme Court's decision in *Bucci* and therefore, the plaintiffs have no likelihood of success on the merits.**

   *1.    Rhode Island law does not mandate that a mortgage accompany the note it secures.*

In *Bucci*, the Rhode Island Supreme Court held that a mortgagee need not own the borrower's promissory note in order to foreclose under Rhode Island law. As the plaintiffs do

---

[3] Plaintiffs will undoubtedly attempt to counter this argument with *Culhane v. Aurora Loan Servicing of Nebraska*, 708 F.3d 282 (1st Cir. 2013). The First Circuit, however, resolved *Culhane* strictly on Massachusetts law and emphasized that its prudential standing analysis was in regard to a "Massachusetts mortgagor." *See* 708 F.3d at 291 ("The short of it is that, in Massachusetts, a mortgagor has a legally cognizable right to challenge a foreclosing entity's status qua mortgagee."). Moreover, this Court has opined that *Culhane* is irrelevant to the application of Rhode Island law, which this Court must apply here:

> It is a long-standing principle of Rhode Island law that strangers to a contract do not have standing to challenge the subsequent assignment of that contract. *See Brough v. Foley*, 525 A.2d 919, 921-22 (R.I. 1987). Although a recent decision from the First Circuit holds that mortgagors have standing to challenge a mortgage assignment under Massachusetts law, this Court is obligated to apply the common law of Rhode Island.

*Van Hoecke v. First Franklin Fin. Corp.*, KC 2009-0743, 2013 WL 1688825, slip op. at 7 n.3 (R.I. Super. Mar. 7, 2013).

here, the borrowers in *Bucci* argued that Rhode Island law requires "unity in the note holder and mortgagee," and therefore, a party (such as MERS) that holds the mortgage but not the note, is prohibited from foreclosing on the mortgage. This argument was flatly rejected by the *Bucci* decision, in which the Rhode Island Supreme Court held that the possession of a borrower's note is not required by the mortgagee to initiate foreclosure under the statutory power of sale.

As it is settled law in Rhode Island that a mortgage may be held separately from the note it secures, and that the statutory power of sale may be exercised by the mortgagee, as well as its successors and assigns, the plaintiffs' arguments are without merit. Therefore, they do not have a likelihood of success on the merits of these claims.

2. *Rhode Island law provides that a mortgagee, its successors and assigns, may exercise the statutory power of sale.*

The plaintiffs raise an argument with regard to the impact of the separation of the mortgage from the note on the Foreclosing Entities' ability to exercise the statutory power of sale. R.I.G.L. § 34-11-22 defines the statutory power of sale and authorizes mortgagees to foreclose. It provides that "if default shall be made in the performance or observance of any of the foregoing or other conditions, or if breach shall be made of the covenant for insurance contained in this deed, then it shall be lawful for the ***mortgagee or his, her or its executors, administrators, successors or assigns to sell*** [the mortgaged property.]" (emphasis added). As the Supreme Court recently observed, the power of sale is exercisable by the mortgagee or his assigns, as note-owner or as agent for the note-owner. *See Bucci, supra,* at *5, *12-16. Rhode Island courts have unanimously held that claims that only a "lender" or "note-holder" may foreclose are without merit and cannot withstand a dispositive motion. *See Dilibero v. Mortgage Elec. Registration Sys., Inc.,* PC 2011-4645, 2012 WL 4507551, slip op. at 10 (R.I. Super. October 1, 2012) ("[t]he identity of the note-holder is irrelevant"); *Porter, supra,* at 8-9 (R.I.

8

Super. March 31, 2011) (stating that the mortgagee is entitled to foreclose even where it does not hold the note); *see also Bucci, supra,* at *13 (adopting position that mortgagee may foreclose when it is the note-owner or the agent of the note-owner). Thus, the Foreclosing Entities, as mortgagees, have the authority to foreclose regardless of what entity held the note.

**E.     Pursuant to R.I.G.L. §34-11-22, the plaintiffs are barred from challenging the foreclosure sale in those cases where the sale has already occurred and therefore, preliminary injunctions are inappropriate in such cases.**

R.I.G.L. §34-11-22 provides that upon default by the mortgagor "it shall be lawful for the mortgagee or his, her or its executors, administrators, successors or assigns to sell [the mortgaged property] … which sale or sales made as aforesaid shall forever be a perpetual bar against the mortgagor…." In many of these cases, there is no question that plaintiffs defaulted and that the Foreclosing Entities sold the mortgaged properties at foreclosure sales.

As such, each foreclosure sale is "a perpetual bar" against the respective plaintiffs and they cannot bring claims now challenging the validity of the foreclosure sale and seeking to have the property declared theirs again. *See, e.g., In Re Medaglia,* 402 B.R. 530, 533 (Bankr. D.R.I. 2008) (mortgagor's interest in the foreclosed property was extinguished at the time of the sale because "when the gavel falls, the right to cure no longer exists[]" due to the terms of R.I.G.L. §34-11-22); *140 Reservoir Avenue Associates v. Sepe Investments, LLC,* 941 A.2d 805, 811-12 (R.I. 2007) (under the statute a former owner's post-foreclosure lawsuit asserting a claim to the property was "forever barred by the foreclosure sale" because "she no longer held an interest in the property").

Furthermore, in many of these cases, the Foreclosure Deed conveying the property pursuant to the foreclosure sale was recorded subsequent to the sale and such recorded deed is presumptively valid. *Rosano v. Mortgage Elec. Registration Sys., Inc.,* No. PC 2010-0310, slip

  
op. at 11-12 (R.I. Super. Filed June 19, 2012) (appeal pending in Rhode Island Supreme Court).

Just as in *Rosano*, the plaintiffs in these cases are "not entitled to rescind the foreclosure sale,

thereby clearing title and rendering [themselves] as the record title holder post-foreclosure." *Id.*

at 12 (citing *140 Reservoir Avenue Assoc., supra,* at 811-12 relative to R.I.G.L. §34-11-22's

provision "that a foreclosure conducted by statutory power of sale 'shall forever be a perpetual

bar against the mortgagor....'").

In those cases where the foreclosure sale has already occurred, the plaintiffs filed their

Complaints after the sale occurred, and in some cases months after the sale. In these cases,

plaintiffs cannot legitimately challenge the Foreclosing Entities' compliance with the notice and

publication requirements in R.I.G.L. §34-11-22[4], and, as a result, the plaintiffs are perpetually

barred forever from raising those claims since the foreclosure sale had already occurred.

**F.**     **In the event that this Court grants the preliminary injunction, the plaintiffs should be required to post a bond pursuant to Fed. R. Civ. P. 65.**

Wells Fargo requests that if an injunction is granted, that the plaintiffs be required to post

a bond in the amount of the delinquent payments pursuant to the mortgage. In the event that the

foreclosure sale has taken place, Wells Fargo requests that the plaintiffs provide use and

occupancy in the amount equal to the fair market rental value.

## IV.     CONCLUSION

---

[4] To the extent that the plaintiffs' Complaints can be read to allege that the Foreclosing Entities did not provide proper notice of the foreclosure sale, the plaintiffs cannot dispute that notice was sent and published in accordance with the note and mortgage. Instead, they uniformly allege that the Foreclosing Entities could not foreclose as mortgagees by invoking the power of sale and therefore did not send proper notice since they were not the original "Lender." The Supreme Court in *Bucci,* and the Rhode Island trial courts, have held unequivocally that MERS, and its successors and assigns, has the authority to foreclose despite not being the original lender and thus the Foreclosing Entities provided proper notice as the mortgagee. *See Bucci, supra; Porter v. First NLC Fin. Servs., LLC,* PC 2010-2526, 2011 WL 1251246, slip op. (R.I. Super. March 31, 2011) (holding that MERS could foreclose as mortgagee despite not being the original lender or owner of the note); *Kriegel, supra,* at 16 (stating that the allegation that only the lender can foreclose and the Mortgage does not state that the mortgagee or its assigns can foreclose "stands in direct contrast to the clear and unambiguous language of the Mortgage to which Plaintiff agreed....").

Wherefore, Wells Fargo hereby requests that this Court deny the plaintiffs' requests for preliminary injunction, and grant such other and further relief as is proper and just.

Respectfully submitted,

WELLS FARGO BANK, N.A.

by its attorneys

/s/ Carl E. Fumarola
Carl E. Fumarola, Bar No. 6980
Nelson Mullins Riley & Scarborough LLP
10 Dorrance Street, Suite 700
Providence, Rhode Island 02903
Tel:  401-519-3850
Fax:  401-519-3606
Email: carl.fumarola@nelsonmullins.com

/s/  Shanna M. Boughton
Shanna M. Boughton, Esq. # 8283
Bethany M. Whitmarsh, Esq. #7318
LeClairRyan
One International Place, Eleventh Floor
Boston, Massachusetts 02110
Tel:  617-502-5721
Fax:  617-502-5751
Email: shanna.boughton@leclairryan.com
Email: bethany.whitmarsh@leclairryan.com

Dated:  July 5, 2013

## CERTIFICATE OF SERVICE

I, Shanna M. Boughton, certify that on this day, July 5, 2013, I filed the foregoing document by sending it – pursuant to the Court's Order of June 19, 2013 – via email to the Court's Docket Clerk, Ms. Barbara Barletta at Barbara_Barletta@rid.uscourts.gov and Ms. Paula Farrell Pletcher at paula_farrell_pletcher@rid.uscourts.gov, who will then docket the submission and serve it via email upon all counsel of record.

/s/ Shanna M. Boughton
Shanna M. Boughton

# APPENDIX A

| | |
|---|---|
| 1:11-cv-00189-M-LDA | Lehoullier et al v. E-Loan, Inc. et al |
| 1:11-cv-00358-M-LDA | Guerra v. Mortgage Electronic Registration Services, Inc. et al |
| 1:11-cv-00406-M-LDA | Casalino et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:11-cv-00409-M-LDA | Sauro v. Mortgage Electronic Registration Systems, Inc et al |
| 1:11-cv-00427-M-LDA | Akalarian et al v. American Home Mortgage Servicing, Inc. et al |
| 1:11-cv-00447-M-LDA | Selama et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:11-cv-00471-M-LDA | Carr et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:11-cv-00489-M-LDA | Folco v. Federal National Mortgage Association |
| 1:11-cv-00505-M-LDA | Dumoussaud et al v. World Savings Bank, FSB et al |
| 1:11-cv-00507-M-LDA | Lobo et al v. Mortgage Electronic Registration Services, Inc. et al |
| 1:11-cv-00527-M-LDA | Hernandez et al v. Mortgage Electronic Registration Services, Inc. et al |
| 1:11-cv-00573-M-LDA | Grady v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:11-cv-00606-M-LDA | Rodriguez v. U.S. Bank, Na et al |
| 1:11-cv-00614-M-LDA | Silva et al v. Wells Fargo Bank, NA et al |
| 1:11-cv-00622-M-LDA | Pitts v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:11-cv-00630-M-LDA | Romain et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:11-cv-00635-M-LDA | Cockfield v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:11-cv-00636-M-LDA | Gable v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:11-cv-00640-M-LDA | Rivera et al v. Wells Fargo Home Mortgage, Inc. et al |
| 1:11-cv-00655-M-LDA | Aubee et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:11-mc-00088-M-LDA | In re: Mortgage Foreclosure Master Docket |
| 1:12-cv-00005-M-LDA | Arias v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00013-M-LDA | Sommer v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00017-M-LDA | Marsh et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00031-M-LDA | DiZoglio v. Mortgage Electronic Registration Services, Inc. et al |

| | |
|---|---|
| 1:12-cv-00050-M-LDA | Deleon v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00051-M-LDA | Hoffman v. Wells Fargo Bank, NA et al |
| 1:12-cv-00088-M-LDA | Pytka et al v. Fleet Real Estate Funding Corp. et al |
| 1:12-cv-00122-M-LDA | Wickwire et al v. Mortgage Electronic Registration Systems, Inc et al |
| 1:12-cv-00123-M-LDA | Vargas et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00128-M-LDA | Danowski v. Mortgage Electronic Registration Systems, Inc et al |
| 1:12-cv-00142-M-LDA | Taveras v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00144-M-LDA | Rodrigues v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00156-M-LDA | Southland et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00165-M-LDA | Harrington v. New Century Mortgage Corp. et al |
| 1:12-cv-00177-M-LDA | Preciado et al v. Mortgage Electronic Registration Services, Inc. et al |
| 1:12-cv-00188-M-LDA | Zagroski et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00210-M-LDA | Rodriguez et al v. Wells Fargo Bank, NA et al |
| 1:12-cv-00216-M-LDA | Farrands, Jr. et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00219-M-LDA | David et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00221-M-LDA | Sheperd v. Wells Fargo Bank, NA et al |
| 1:12-cv-00225-M-LDA | LaRochelle v. Lighthouse Mortgage Company, Ltd. et al |
| 1:12-cv-00226-M-LDA | Mendez et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00250-M-LDA | Scialla et al v. Mortgage Electronic Registration Services, Inc. et al |
| 1:12-cv-00279-M-LDA | Thorpe, Jr. v. Mortgage Financial Services et al |
| 1:12-cv-00280-M-LDA | Sousa et al v. Wells Fargo Bank, NA et al |
| 1:12-cv-00281-M-LDA | Yamadjako et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00295-M-LDA | Carpenter v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00320-M-LDA | Vetelino et al v. Wells Fargo Home Mortgage |
| 1:12-cv-00325-M-LDA | Cardosí et al v. World Savings Bank, FSB et al |
| 1:12-cv-00326-M-LDA | Gallo et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00334-M-LDA | Lesniak v. Wells Fargo Bank, N.A. et al |

| | |
|---|---|
| 1:12-cv-00343-M-LDA | Kun v. Mortgage Electronic Registration Systems et al |
| 1:12-cv-00354-M-LDA | DiZoglio et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00365-M-LDA | Stamatakos v. First Horizon Home Loan Corporation et al |
| 1:12-cv-00366-M-LDA | Emile v. Mortgage Electronic Registration Systems Inc. et al |
| 1:12-cv-00371-L-LDA | Ryan-Curran et al v. Hurd TCS Auto Sales, Inc. |
| 1:12-cv-00384-M-LDA | Diaz v. Wells Fargo Bank, NA et al |
| 1:12-cv-00392-M-LDA | Sprague v. Wells Fargo Bank, NA |
| 1:12-cv-00410-M-LDA | Donabedian et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00431-M-LDA | Nunez et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00432-M-LDA | Caceres et al v. Mortgage Electronic Registrations Systems, Inc. et al |
| 1:12-cv-00436-M-LDA | Pena v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00440-M-LDA | King v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00441-M-LDA | Tonge v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00485-M-LDA | Peterson v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00486-M-LDA | Odekanmi et al v. Wells Fargo Bank, NA |
| 1:12-cv-00500-M-LDA | Novakov et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00506-M-LDA | Udoh v. Wells Fargo Bank, NA et al |
| 1:12-cv-00515-M-LDA | Demarco v. Wells Fargo Bank, NA et al |
| 1:12-cv-00522-M-LDA | Desnoyers et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00533-M-LDA | Fox v. World Savings Bank, FSB et al |
| 1:12-cv-00592-M-LDA | Ferreira et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00618-M-LDA | Paolino v. Brooks et al |
| 1:12-cv-00619-M-LDA | Fernandez v. American Servicing Co. et al |
| 1:12-cv-00620-M-LDA | Harlow v. NorthWest Mortgage, Inc. et al |
| 1:12-cv-00632-M-LDA | Silva v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00655-M-LDA | Williams v. US Bank, NA |
| 1:12-cv-00672-M-LDA | Hernandez v. Mortgage Electronic Registration Systems et al |

| | |
|---|---|
| 1:12-cv-00679-M-LDA | Pena et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00689-M-LDA | Roson v. Mortgage Electronic Registration Systems et al |
| 1:12-cv-00692-M-LDA | DeCesare et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00720-M-LDA | Cosic v. Wells Fargo Bank, NA et al |
| 1:12-cv-00762-M-LDA | Montella v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00792-M-LDA | Cepeda et al v. Mortgage Electronic Registration Systems et al |
| 1:12-cv-00793-M-LDA | Cardenas et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00823-M-LDA | Berthiaume et al v. Sovereign Bank, FSB et al |
| 1:12-cv-00835-M-LDA | Theroux v. Wells Fargo Bank, NA et al |
| 1:12-cv-00843-M-LDA | Rafael v. Franklin American Mortgage Co. et al |
| 1:12-cv-00849-M-LDA | Hayes v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00858-M-LDA | Jaramillo v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00864-M-LDA | PMG Realty, LLC v. World Savings Bank, FSB et al |
| 1:12-cv-00869-M-LDA | Wolff-Greenhalgh et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00890-M-LDA | Palmer v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00905-M-LDA | White v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:12-cv-00910-M-LDA | Perez v. Mortgage Electronic Registration Systems et al |
| 1:12-cv-00918-M-LDA | Audette v. US Bank National Association |
| 1:12-cv-00925-M-LDA | Medina et al v. Wells Fargo Bank, N.A. et al |
| 1:12-cv-00932-M-LDA | Rosario v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:13-cv-00007-M-LDA | Salkeld v. Wells Fargo Bank, N.A. et al |
| 1:13-cv-00008-M-LDA | Therien v. Wells Fargo Bank, N.A. et al |
| 1:13-cv-00011-M-LDA | Zelazny v. Wells Fargo Bank, NA et al |
| 1:13-cv-00023-M-LDA | Podmaska et al v. Mortgage Electronic Registration Systems, Inc. et al |
| 1:13-cv-00030-M-LDA | DeLeon v. US Bank National Association |
| 1:13-cv-00038-M-LDA | Gallagher v. Asset Management West 10, LLC et al |
| 1:13-cv-00064-M-LDA | Silverio et al v. JP Morgan Chase Bank, NA et al |

1:13-cv-00076-M-LDA   Marandola v. Wells Fargo Bank N.A. et al

1:13-cv-00096-M-LDA   Kilgore v. Mortgage Electronic Registration Systems, Inc. et al

1:13-cv-00124-M-LDA   Omigie v. US Bank, NA

1:13-cv-00146-M-LDA   Abbott et al v. World Savings Bank, FSB et al

1:13-cv-00166-M-LDA   Marcello v. Wells Fargo Bank, N.A. et al

1:13-cv-00172-M-LDA   Brown, Sr. v. Wells Fargo Bank, NA

1:13-cv-00199-M-LDA   Sharpe et al v. Deutsche Bank National Trust Company

1:13-cv-00280-M-LDA   Martin et al v. Mortgage Electronic Registration Systems et al

1:13-cv-00293-M-LDA   McKay et al v. Mortgage Electronic Registration Systems, Inc. et al

1:13-cv-00294-M-LDA   Miller et al v. Mortgage Electronic Registration Systems, Inc. et al

1:13-cv-00300-M-LDA   Clark et al v. Wells Fargo Bank, NA et al

1:13-cv-00320-M-LDA   Giuliano et al v. Mortgage Electronic Registration Systems, Inc. et al

1:13-cv-00262-M-LDA   Senra et al v. Wells Fargo Bank, NA et al

1:13-cv-00377-M-LDA   Shurygailo v.Wells Fargo Bank, NA et al

[1]

---

[1] Undersigned counsel incorporates herein all other cases in which they have a Notice of Appearance filed on behalf of Wells Fargo Bank, N.A. which may have been inadvertently not been included in this appendix.