UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLLAND

|                              :   | Case No. 11-00088mc-M-LDA |
|----------------------------------|---------------------------|
| IN RE: MORTGAGE FORECLSOURE  :   |                           |
| MASTER DOCKET                :   |                           |

**MOTION FOR RECONSIDERATION**
**AND MEMORANDUM IN SUPPORT THEREOF**

NOW COMES The Law Offices of George E. Babcock and George E. Babcock, Esq., counsel to the Plaintiffs herein, by and through their counsel ("Babcock"), and hereby move for reconsideration of this Court's Memorandum and Order Imposing Sanction, entered on August 13, 2013 (the "Sanction Order").

**TRAVEL**

The Order germinated from the Special Master's Recommendations for Dismissal or Sanctions, Doc. No. 20, entered on July 19, 2013 (the "Recommendation"). A hearing on the Recommendation was scheduled for July 30, 2013 (the "Hearing"). Babcock originally filed an objection to the Recommendation dated July 26, 2013, which objection was, for some unknown reason (and without any actions undertaken by the Court or Babcock), entered on July 30, 2013.

At the Hearing, counsel for Babcock was informed by the Court that the objection was received at approximately 8 a.m. or an hour or so before the Hearing. Counsel, who ensured that Babcock would be present at the Hearing, offered to make Babcock available at a continued date of the Hearing should the Court deem it advisable. In response to this

1

representation by Babcock's counsel, the Court indicated it would review the aforementioned pleading and determine whether a rescheduling of the Hearing would be necessary. The Hearing proceeded on counsel to Babcock's oral argument concerning generalities as to the Recommendation and the Hearing was then adjourned; the Special Master presented no argument at the Hearing.

On August 2, 2013, the Special Master filed a supplement to the Recommendation which was entered on that day (the "Supplement"); Babcock filed an Amended Objection on the same day. On August 13, 2013, the Court filed the Sanction Order without ever rescheduling the Hearing and particularly in light of the filing of the Supplement. Thereafter, Babcock filed his Motion for an Enlargement of Time to file a Motion for Reconsideration which Motion was granted with the enlargement set for September 25, 2013.

**ARGUMENT**

**I. SOUNDNESS OF MOTION FOR RECONSIDERATION**

Babcock is aware that a motion for reconsideration is an extraordinary remedy which should be used sparingly. Fabrica De Muebles J.J. Alvarez, Incorporado v. Inversiones Memdoza, Inc., et als, 682 F.3d 26, 31 (1st Cir. 2012) (hereinafter, "Fabrica"); See also, Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).[1] The moving party "'must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" Fabrica, at 32; Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7, n. 2 (1st Cir. 2004); 11 Charles Alan Wright et al., Federal Practice and Procedure §2810.1 (2d ed. 1995). Respectfully, Babcock has not had the opportunity to present oral testimony to rebut the

---

[1] Justice Selya commented the movant's motion for reconsideration 'did no more than reiterate the arguments she earlier had advanced'... Id., at 30. Babcock lacked the ability to reiterate any arguments because no arguments were presented by his at the Hearing.

2

Recommendation. Moreover, Babcock has not been able to respond to the Amendment prior to the issuance of the Sanction Order. There is no evidence that the content of the Amendment was considered by the Court prior to the issuance of the Sanction Order.

Furthermore, the Court should consider the analysis in Aybar v. Crispin-Reyes:

> "A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."

Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997); Fabrica, at 32.

Had the Court rescheduled the Hearing to conduct an examination of the Special Master's intentions and the response by Babcock, Aybar would be very persuasive in denying the instant relief sought by Babcock in this Motion.

However, we are faced with the fact that Babcock has not had the opportunity to present his argument to the Recommendations but through two pleadings and a brief oral argument by counsel.

In light of the foregoing, Babcock believes he is on sound ground for proceeding with this Motion for Reconsideration.

## II. THIS COURT NEEDS TO HEAR FROM BABCOCK DIRECTLY ON HIS VIEW OF THE IMPOSITION OF SANCTIONS TO ENSURE HIS DUE PROCESS RIGHTS

Sanctions are very difficult for non-attorneys to understand and appreciate. The Sanction Order operated to levy a fine without compliance with the theory of procedural due process being met. A sanctioned attorney has a right to be heard in opposition to the proposed sanction. T.E. Willging, The Rule 11 Sanctioning Process (Fed. Jud. Ctr. 1988)

(hereinafter, "Willging").  Given the bipolar nature of the commitments to due process and efficient administration, it is not surprising that the circuits have split over what is specifically required-a full evidentiary hearing or merely an opportunity to respond. Willging, at 97.  Respectfully, Babcock is without guidance whether the filing of the Amendment should operate to require some sort of notice to furnish a pleading or a rescheduling of the Hearing.  But neither occurred.  And courts have not mandated a single format for all sanctions decisions.  Id., at 100.

In Richardson, et al, 793 F.2d 37 (1st Cir. 1986), the First Circuit required notice and the opportunity to be heard before the imposition of sanctions.  Two Rhode Island Legal Services attorneys plus another were each sanctioned without having the opportunity to present their positions; they filed a motion for reconsideration, which motion was denied and an appeal was filed.

Upon appeal, the Court, per curiam, determined that the record below 'is inadequate to uphold the monetary assessments as a sanction' that order imposing sanctions may not stand on that basis.  Id., at 40; See also, Heal v. Heal, 762 A.2d 463, 469 (R.I. 2000); Boddie v. Connecticut, 401 U.S. 371, 377-79, 91 S. Ct. 780, 785-87, 28 L. Ed. 2d 113, 118-20 (1971).

What is equally troubling relative to the Sanction Order is its degree of severity. While it is obvious that every sanction is 'serious' from the viewpoint of the attorney sanctioned, nevertheless, the Sanction Order deals with less than ten pending matters; from a statistical perspective, this sanction may be de minimus in proportion to the entire body of plaintiffs herein, but there is no certainty as to the subjective nature of the sanction.  Therefore, the format of an opportunity to respond to the allegations may vary considerably....[F]or more serious sanctions, the court should enter a formal order or

dictate findings into the record, reciting the authority for the sanctions, the facts, and "explaining why less severe penalties are inappropriate." Id.

Issues relating the timing of the opportunity to be heard have engendered some disagreement in the courts. The Seventh Circuit has held that a hearing prior to the imposition of sanctions is not required by due process and that a motion for reconsideration is sufficient. Id.; See also, Rodgers v. Lincoln Town Serv., 771 F.2d194, 205 (7th Cir. 1985).[2]

The requirements of due process were implicit in the earlier versions of Federal Rule 11and mandated in the 1983 version of the Federal Rule, which requires that an individual be given notice and an opportunity to be heard before the imposition of Rule 11 sanctions. Heal, at 14; See also, Sanko S.S. Co., Ltd. v. Galin, 835 F.2d 51, 53 (2d Cir. 1987); Gagliardi v. McWilliams, 834 F.2d 81, 82-83 (3d Cir. 1987); T.E. Willging, The Rule 11 Sanctioning Process (Fed. Jud. Ctr. 1988) (hereinafter, "Willging"). The current version provides that any attorney or accused party shall be provided with written notice and an opportunity to be heard, pursuant to a show cause order. Heal, at 14; See Fed. R. Civ. P. 11(c)(1)(B). The rule also requires that the individual upon whom sanctions are to be imposed be afforded an opportunity to respond *before* sanctions are levied. Heal, at 14; See Fed R. Civ. P. 11(c). (emphasis in the original)

A review of these cases clearly requires the Court to schedule a hearing for Babcock to present his argument not only to the Recommendation but to the Amendment; to thwart him the opportunity to present an argument or at least be responsive to the Court's inquiry is a violation of Babcock's due process rights.

---

[2] There is a tone to these cases concerning frivolous conduct on the part of the attorney; Babcock obviously wishes to call to the Court's attention that his clients' claims are certainly not frivolous in nature, a point confirmed by the Court in its imposition of the automatic stay.

## CONCLUSION AND PRAYER FOR RELIEF

George E. Babcock has served his clients, the Rhode Island Bar, the Judiciary and the People of Rhode Island with the means to address a very troubling issue facing every mortgagor in Rhode Island given banking processes which have evolved over the past ten or so years in the industry. There is evidence that rule 11, in combination with a myriad of other consequences of filing frivolous litigation, has a general chilling effect, perhaps lowering the threshold probability that a lawyer will take a case or pursue an argument. In the absence of any consensus or clear definition of the appropriate threshold, rule 11 may combine with other factors to inhibit access to the courts for litigants with marginal, even arguable, claims or defenses. Willging, at 168. Babcock has represented his clients zealously since the first filing before the Court and performed his work with the Special Master in a professional manner. He and his clients believe their claims are not frivolous but real, compelling and personal.

The recent events surrounding the approximate eight hundred (800) cases and the directives from the United States Circuit Court of Appeals for the First Circuit some ninety (90) days ago has focused an unwarranted amount of attention upon Babcock and his dealings with the Special Master leading up to the entry of the Sanction Order. Babcock, as this Court has observed, has the super-majority of the Plaintiffs in these matters. As this Court has recently ordered the dissolution of the automatic stay, citing that the Plaintiffs lack a likelihood of prevailing on the merits, the most recent Willging reference is even more important for the Court to consider in Babcock's request for reconsideration. Babcock needs the opportunity to present testimony to the Court to reconsider the Sanction Order; in the meantime, the Court should grant the Motion and schedule a hearing to hear from Babcock.

Finally, Babcock greatly appreciates the opportunity to present this Motion.

GEORGE E. BABCOCK AND THE LAW OFFICES OF GEORGE E. BABCOCK

By their attorneys,

/s/ William J. Delaney
_____
William J. Delaney (#3643)
Delaney DeMerchant & Heitke LLC
91 Friendship Street, Suite One
Providence, Rhode Island 02903
(401) 454-8000; (401) 553-9000 (fax)
wjd@dlfri.com
Dated: September 24, 2013

CERTIFICATION

I hereby certify that on the 25th day of September, 2013, a copy of the within Motion for Reconsideration was caused to be sent via the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ William J. Delaney
_____