# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN M. SOUSA, et al.,<br>    Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.,<br>    Defendants. | C. A. No. 12-303-M |
| BEATRICE STERLING,<br>    Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.,<br>    Defendants. | C. A. No. 12-561-M |
| BASSAM KHALIL,<br>    Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.,<br>    Defendants. | C. A. No. 12-698-M |

Case 1:11-mc-00088-M-LDA   Document 2276   Filed 11/21/13   Page 2 of 5 PageID #: 10763

| | |
|---|---|
| ROBERT MONTGOMERY, et al.,<br>    Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.,<br>    Defendants. | C. A. No. 12-854-M |
| SANTO ARIAS,<br>    Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.,<br>    Defendants. | C. A. No. 12-005-M |
| DANIEL DECESARE, et al.,<br>    Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.,<br>    Defendants. | C. A. No. 12-692-M |
| BARBARA WARNOCK, et al.,<br>    Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK NA, et al.,<br>    Defendants. | C. A. No. 12-693-M |

```
METH KEA, et al.,              )
          Plaintiffs,          )
                               )
     v.                        )        C. A. No. 12-194-M
                               )
MORTGAGE ELECTRONIC            )
REGISTRATION SYSTEMS, INC., et al., )
          Defendants.          )
```

```
ARTHUR SENRA, et al.,          )
          Plaintiffs,          )
                               )
     v.                        )        C. A. No. 12-406-M
                               )
MORTGAGE ELECTRONIC            )
REGISTRATION SYSTEMS, INC., et al., )
          Defendants.          )
```

```
ANTHONY G. TORTOLANO, et al.,  )
          Plaintiffs,          )
                               )
     v.                        )        C. A. No. 12-599-M
                               )
BANK OF AMERICA, NA, et al.,   )
          Defendants.          )
```

## **ORDER**

Attorney George E. Babcock has filed a Motion for Reconsideration (ECF No. 2260, C.A. No. 11-mc-88-M) of this Court's August 13, 2013 Order imposing sanctions. (ECF No. 2238, C.A. No. 11-mc-88-M.) In response to the Motion for Reconsideration, this Court issued an order stating in part:

> Attorney Babcock has failed in [his filings to date] and at argument to submit any evidence and fails to make even the vaguest factual assertions in his papers that the Court misinterpreted the facts or misapplied the law in rendering its sanctions order.

(ECF No. 2261 at 5, C.A. No. 11-mc-88-M.) However, the Court afforded Attorney Babcock another opportunity "to submit any written evidence he wishes the Court to consider in support of his Motion for Reconsideration." *Id.* Attorney Babcock submitted a "Supplement to Motion for Reconsideration and Memorandum in Support Thereof" (ECF No. 2275, C.A. No. 11-mc-88-M) and attached two affidavits, one from him and one from Beth Moura (an independent contractor who processes loan modifications for Attorney Babcock's clients). In that filing, Attorney Babcock essentially faults the Special Master Program, the size of her staff, and the Defendants for his errors or omissions and asks the Court to reverse the sanctions, or, alternatively, to have a hearing "to review the Affidavits and take further testimony from those individuals necessary to address the issues surrounding the actions resulting in the Order." (*Id.* at 11.)

Nothing Attorney Babcock argued or submitted causes the Court to reconsider its previous finding that Attorney Babcock filed factually inaccurate pleadings with this Court in at least four separate cases and that his clients failed to comply with previous Court orders. There are no facts or legal arguments before this Court that in any way challenge the Court's previous findings or the imposition of sanctions. With regard to his alternative request, the Court declines to schedule a further hearing on this matter. The Court has given Attorney Babcock the opportunity to address the sanctioned events multiple times – in response to the Special Master's Recommendation in July 2013 (ECF No. 14, C.A. No. 12-303-M), at the July 30, 2013 hearing on that recommendation while represented by counsel, in the form of an Amended Objection to the Special Master's Supplemental Recommendation in August 2013 (ECF No. 16, C.A. No. 12-

303-M), as a Motion for Reconsideration to the Court's sanction Order in September 2013 (ECF No. 2260, C.A. No. 11-mc-88-M), and finally, he supplemented his Motion for Reconsideration in November 2013 (ECF No. 2275, C.A. No. 11-mc-88-M). On none of these occasions has Attorney Babcock raised a factually-based defense or assertion of error to the sanctioned conduct and the Court does not believe that he is entitled to yet another opportunity.

Attorney Babcock's Motion for Reconsideration (ECF No. 2260, C.A. No. 11-mc-88-M) is DENIED. The Order of Sanctions (ECF No. 2238, C.A. No. 11-mc-88-M) stands and Attorney Babcock and his clients are ordered to pay the sanctions ordered therein no later than December 2, 2013.

IT IS SO ORDERED.

_/s/ John J. McConnell, Jr._
John J. McConnell, Jr.
United States District Judge

November 21, 2013